CASE 18—ACTION BY JOHN KING AGAINST W. B. CREEKMORE FOR DAMAGES FOR PERSONAL INJURIES.—DEC. 17.

# King v. Creekmore.

APPEAL FROM WHITLEY CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

NEGLIGENCE—LIABILITY OF LESSOR FOR INJURY TO EMPLOYE OF LESSEE—ALLEGATIONS—SUFFICIENCY.

Held: 1. A lessor of a mill who gives possession and control thereof to the lessee, is not liable to an employe of the lessee for failing to inspect and keep the same in a reasonably safe condition.

King v. Creekmore.

2. An allegation that a lessor of a boiler knew of the defective condition thereof, or, by the exercise of ordinary care, could have known of it at the time it was leased, merely charged that the lessor was negligent in failing to exercise ordinary care to discover the defect in the boiler, and did not render the lessor liable to an employe of the lessee for injuries sustained by reason of the explosion of the boiler.

TYE & DENHAM, ATTORNEYS FOR APPELLANT.
SHARP & SILER, OF COUNSEL.

QUESTIONS DISCUSSED AND AUTHORITIES RELIED UPON.

1. A man should use his own property so as not to injure the rights or the property of another. Buswell on Personal Injuries, sec. 130; Carter v. Town, 98 Mass., 567.

2. A servant of a railroad company as lessee, who is injured by the negligence of such company *alone*, has no cause of action against the lessor of said company. Swice's Admx. v. M. & B. S. R. R. Co., 25 R., 436.

3. The question raised in this case has never been passed upon by the Kentucky court of appeals. Central Coal & Iron Co. v. Grider's Admr., 25 R., 165.

4. To establish a case of actionable negligence, it is not necessary that the relation of master and servant exist under the facts of this case. Ford v. Crigler, &c., 25 R., 57.

5. The case of Bush v. Grant, 22 R., 1766, has been distinguished by the Kentucky court of appeals from a case like the one at bar. Ford v. Crigler, &c., 25 R., 57.

6. The defense that the plaintiff was an employe of an independent contractor, will not always avail. Jacobs v. Fuller & Hutsinpiller Co., 65 N. E. Rep., 617; 13 Am. Neg. Rep., 210.

7. It is not always necessary for a plaintiff to show his contractual relation with the defendant before he can have a cause of action against him for negligence, especially where the defendant knowingly puts defective machinery beyond his control, or furnishes said machinery to be used for the purpose for which it was intended, without giving notice of its character or qualities. Huset v. J. I. Case Threshing Machine Co., 20 Fed. Rep., 865; Lewis v. Terry, 111 Cal., 39; Heaven v. Pender, 11 Q. B. D., 503-517; Heaven v. Pender, 19 English, Ruling Cases, 81; Sweeney v. Rozell, 31 Misc. Rep., 640 (64 N. Y. Supp., 721.)

O. H. WADDLE AND K. D. PERKINS, FOR APPELLEE.

1. The petition as amended, presents the question simply

whether or not the lessor of personal property is responsible by reason of its defective condition while in the hands and under the control of the lessee, and to an employe of the lessee with whom no contractual relation existed with the lessor.

2. The only basis of responsibility of one for the negligence of another is the relation of master and servant, and to incur the responsibility, the master must not only have the power to select the servant, but to direct the mode of executing the work, and to so control him in his acts in the course of the employment as to prevent injury to others, and that the master was under the duty to the servant to furnish him reasonably safe machinery in the performance of his duties.

### AUTHORITIES CITED.

Robinson v. Webb, 11 Bush, 465; Bush v. Grant, 22 R.; 1766; Central Coal & Iron Co. v. Grider's Admr., 25 Rep., 165; Wharton on Negligence, secs. 238 to 440; Curtin v. Somerset, 13 L. R. A., 322; Losee v. Clute, 10 Am. Rep., 638; Glynn v. Central R. R. N. J., 56 N. E. Rep., 698.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The appellee, Creekmore, owned a saw mill, and he leased it to Hiram Warren, who operated it as lessee. The appellant was an employe of Warren in running the mill, and while in the line of his duty the boiler exploded, inflicting serious injury upon him, and to recover damages this action was brought against Creekmore alone. In addition to the above facts, it is averred, in the petition that the boiler was defective, and was known by the defendant to be so, or he, by the exercise of ordinary care, could have known of its dangerous and defective condition; and that it was his duty to inspect the boiler, and keep it in a reasonably safe condition. The court sustained a demurrer to the petition. An amended petition was filed, in which it is averred that the plaintiff was injured on the 14th day of March, 1902; that the mill was leased to Warren to enable him to at once manufacture lumber; that, after the mill was

leased to him, he moved it from defendant's premises, and used it about two weeks before the explosion occurred; that at the time the mill was delivered to Warren defendant knew of the defective and dangerous condition of the boiler, or by the exercise of ordinary care could have known it. The averments in the original petition that defendant knew of the dangerous and defective condition of the, boiler, or by the exercise of ordinary care could have known of it, and that it was his duty to inspect and keep it in a reasonably safe condition did not state a cause of action. The mill was removed from defendant's premises and his control. He had nothing to do with the employment of the plaintiff, nor had he control of him in the performance of his duties. The relation of master and servant did not exist. If it did not, then the defendant certainly was not under a duty to inspect the boiler and keep it in a reasonably safe condition. Central Coal & Iron Co. v. Grider's Adm'r, 25 R., 165, 74 S. W., 1058. That was the duty of Warren, the master, who employed the plaintiff. The original petition was based upon the theory that, as defendant owned the mill, though he had leased it, and given possession and control of it to Warren, he was under the same responsibility as he would have been had he retained and operated it, and employed plaintiff. There is no rule of law upon which to base a recovery on such a state of facts. In some cases a recovery may be had by a servant against one between whom and himself the relation of master and servant does not exist. There is a variety of such cases. It may be profitable to call attention here to some of them. In Bright v. Barnett & Record (Wis.) 60 N. W., 418 26 L. R. A., 524, the defendant was engaged in building an elevator for grain, and contracted with a fire extinguishing company to construct a fire extinguishing apparatus. The

defendant was to furnish the staging that the men employed by the fire extinguishing company would need in performin the work. The staging was defective and it broke down, resulting in the death of one of the men engaged in the work. In that case the defendant undertook to furnish the staging necessary to be used by the contractor and employes. A recovery was allowed, inter alia, upon the ground that the defendant had impliedly invited deceased to walk on the staging while he was doing his work. In Mulchey v. Methodist Religious Society, &c., 125 Mass., 487, on an analogous state of facts, the court held there could be a recovery, because the society had in effect invited and induced the injured party, an employe of one who had contracted to do certain painting on its church, to go upon dangerous and defective staging which it had procured to be erected for the use of the contractor and his employes in performing the work under the contract. In Ford v. Crigler, &c. (25 R., 56), 74 S. W., 661, it appeared that the defendant owned a building, the top floor of which was used for storage purposes. An elevator was in use in the building for their customers and their employes in storing and removing property therefrom. It was defective, and as a consequence an employe of an expressman, while loading goods in the elevator, was injured. The court, in effect, held that defendants were in the possession and control of the building; that the employe was there by defendant's invitation, express or implied; that it was their duty to keep the premises in a reasonably safe condition; and, if the injury resulted from the failure to exercise such care, they were liable in damages therefor. The principle of law upon which that case rested does not apply to the facts of this case. The amended petition supplements the original petition with the averment that the defendant knew of the defective and dangerous condition of the boiler, or by the exercise of ordinary care

could have known of it at the time it was leased. It will be observed that it is not averred that defendant knew (without the alternative statement that by the exercise of ordinary care he could have known) of the defective and dangerous condition of the boiler when leased to Warren; therefore, there is no charge that he was guilty of acting in bad faith. Taking the alternative averments, in the light of the rule that a pleading must be construed strongly against the pleader, the only charge is that defendant was guilty of negligence in failing to exercise ordinary care to discover the defect in the boiler. Can that averment be the foundation of a cause of action? It would certainly not show a breach of the defendant's contract of lease. He did not guaranty that he had exercised care to discover a defect in the boiler, and that he had failed to find it. If he made no false representations as to the condition of the boiler, no cause of action would exist in favor of the lessee on the contract. If a cause of action could only arise on the contract in favor of the lessee for a breach of it by reason of fraudulent representations as to the condition of the boiler, certainly nothing less than a fraudulent representation to the lessee could give a cause of action to an employe who was neither a party nor privy to the contract. In Losee v. Clute, 51 N. Y., 494, 10 Am. Rep., 638, it was held that the manufacturer of a steam boiler is answerable only to his employer for any want of care or skill in the construction thereof; that, after the boiler had been completed and accepted by the employer, who had the exclusive ownership, management, and conduct of it, the manufacturer is not liable for an injury done to a third person by an explosion occurring in consequence of the defective construction of the boiler. To the same effect are the cases of Curtin v. Somerset, 140 Pa., 70, 21 Atl., 244, 12 L. R. A., 322, 23 Am. St. Rep.,

220; Necker v. Harvey, 49 Mich., 517, 14 N. W., 503. Had there been fraudulent representations as to the condition of the boiler, then the question would have arisen that was involved in Lewis v. Terry, 111 Cal., 39, 43 Pac., 398, 31 L. R. A., 220, 52 Am. St. Rep., 146. In that case it was held that when one sells or furnishes an article which is actually unsound and dangerous, but which he believes to be safe, and warrants accordingly, he is not liable for injuries resulting from the defective or unsafe condition to a person who was neither a party to the contract with him nor one for whose benefit the contract was made But the court also held that one who sells an article which he knows to be dangerous because of concealed defects, without notice of its nature and qualities, commits a wrong independent of the contract, and is liable under the law of torts to any other person who is not himself at fault, though not in privity of contract with him, for any injury which may reasonably be contemplated as likely to result, and which does in fact result, therefrom. If the latter doctrine is correct—and we do not express any opinion on the question—the facts of this case do not authorize its application. What the court means by fraudulent representations are such statements as a party makes with a knowledge that they are not true.

The judgment is affirmed.

Petition for rehearing by appellant overruled.