122   675
126   159

122   675
138   558

CASE 76.—ACTION BY BEN HEINDIRK AGAINST THE
          LOUISVILLE ELEVATOR CO., FOR DAMAGES FOR
          PERSONAL INJURIES.April 24.

## Heindirk v. Louisville Elevator Co.

Appeal from Jefferson Circuit Court.

(C. P. Branch 2d Div.)   THOMAS R. GORDON, Judge.

From a judgment dismissing his petition the
plaintiff appeals.   Affirmed.

Negligence—Dangerous Machinery—Liability of Manufacurer—
    A manufacturer, selling to an employer a machine not im-
    minently dangerous to human life, is not liable for injuries
    to an employe operating the machine because of defects
    therein, where it is merely charged that the manufacturer
    knew, or could have known by the exercise of ordinary care,
    of the defects which rendered it dangerous.

LOUIS F. STENERLE, attorney for appellant.

### POINTS AND AUTHORITIES.

1. The manufacturer's liability to a servant of his vendee,
for injuries resulting from the negligent and defective construc-
tion of an article, arises out of the duty the law imposes upon
every one to avoid acts in their nature dangerous to the lives
of others, and not upon the ground of privity of contract.   (21
Am. & Eng. Ency. of Law, 461-2; Kinkead's Com. on Torts, 244;
McDonald v. Snelling, 14 Allen, 294, 92 Am. Dec., 168; Norton v.
Sewall, 106 Mass., 143; Peter v. Jackson, 50 W. Va., 644; Elliot
v. Hall, 15 Q. B., 315; Sweeney v. Rozell, 64 N. Y. Sup., 721;
Davies v. Pelham Hod Elevating Co., 20 N. Y. Sup., 524; Shear-
man & Redfield on Neg., sec. 116, 5th Ed.; Bishop on Non-contract
law, 413; Marsh v. Webber, 13 Minn., 109; Hawthorne v. Fox,
79 Md., 514.)

2. A manufacturer is liable to the servant of his vendee for
injuries received, when the article manufactured is imminently
dangerous by reason of its defective construction.   (Thomas v.

Winchester, 6 N. Y., 397; Coughtry v. Globe Woolen Co., 56 N. Y., 124; Devlin v. Smith, 89 N. Y.; Wellington v. Dower Kerosene Oil Co., 104 Mass., 64; Elkins v. McKean, 79 Pa. St., 493; Conors v. Great Northern Elevator Co., 80 N. Y. S., 644; Wenner v. Holzman, 33 Wash, 87; Pittsfield Cotton Ware Mfg. Co. v. Pittsfield Shoe Co., 60 L. R. A., 116; Standard Oil Co., v. Murray, 119 F. 572; Peters v. Jackson, 50 W. Va., 644; 57 L. R. A., 428; Zeal v. American Mining Co., 84 Minn., 320; Callahan v. Warne, 40 Mo., 131.)

3. It is not necesary that the manufacturer had actual knowledge of the defect, it is sufficient if he could have known of it by the exercise of ordinary care. (Schubert v. Clark & Co., 49 Minn., 331; Bishop v. Weber, 139 Mass., 411; Heaven v. Bender L. R., 11 Q. B. Div., 513; Kellogg Bridge Co. v. Hamilton, 110 U. S., 116; Leopold v. Van Kirk, 27 Wis., 152; White v. Miller, 71 N. Y., 118; Dease v. Sabin, 38 Vt., 432; Hoult v. Baldwin, 67 Cal., 610.)

4. If a manufacturer sells an article to a party, which from its nature must be used by the servants of the vendee, in the prosecution of his business, he impliedly invites such servants to use the manufactured article. (Muchbey v. Methodist Religious Society, 125 Mass., 487; New Orleans M. & C. R. Co. v. Haning, 82 M. S., 15; Hays v. Phil. & R. Coal & Iron Co., 150 Mass., 457; Bennet v. Louisville & N. R. Co., 102 U. S., 57.)

GIBSON, MARSHALL & GIBSON for appellees.

POINTS AND AUTHORITIES.

1. The petition does not state a cause of action because of its failure to allege fraud, deceit or concealment on the part of the appellee in effecting the sale of the ball joint to the Howe Manufacturing Company.

2. The petition does not state a cause of action because of its failure to show any contractual relation or privity of contract between the appellee and the appellant.

3. The petition is defective because it fails to show that the appellee owed to the appellant any legal duty whatever.

4. The petition is defective because it says upon its face that the accident complained of was not the proximate result of any negligence on the part of the appellee; that it was a direct result of the act of the Howe Manufacturing Co., in directing the appellant to use machinery which it knew to be dangerous and defective and liable to injure him.

## AUTHORITIES QUOTED FROM.

Buckley v. Gray, 110 Cal., 339, 52 Am. St. Rep., 88; Necker v. Harvey, 49 Mich., 517; Curtin v. Somerset, 23 Am. St. Rep., 220; Heizer v. Kingsland Mfg. Co., 33 Am. St. Rep., 482; Lossee v. Clute, 51 N. Y., 494; Mott v. Cherryvale Water Co., 48 Kansas, 12; Roddy v. Missouri Pacific Ry. Co. 104 Mo., 234; Winterbottom v. Wright, 10 Mees. & W., 109; Collis v. Selden, L. T., 3 C. P., 496; Albany v. Cuncliff, 2 N. Y., 165; Loop v. Litchfield, 42 N. Y., 351; Langridge v. Levy, 2 Mees. & W., 519; Nat. Savings Bank v. Ward, 100 U. S., 195; Bragdon v. Perkins, Campbell & Co., 87 Fed. Rep., 109; Goodlander Mill Co. v. Standard Oil Co., 63 Fed. Rep., 40; Bailey v. Gas Co., 4 Ohio Ct. Repts., C. A. R., C. T. R., 471; Kinkead's Commentaries on Torts, vol. 1, sec. 6.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Appellant, Ben Heindirk, filed his petition in the circuit court to recover damages for personal injuries sustained by him. Appellee, the Louisville Elevator Company, filed a general demurrer to the petition, which was sustained by the circuit court, and, he failing to plead further, the action as to it was dismissed, and he appeals.

He alleged in his petition, in substance, that he was in the employment of the Howe Manufacturing Company; that in the course of his employment he was required to operate a machine, consisting of a ball and socket joint, described as a large knob or ball of iron fitting or working in a socket of iron, and capable of revolving therein; that the machinery was extremely heavy, and was required to sustain in the operation of it great force and pressure; that it was manufactured by the Louisville Elevator Company, and sold by it to the Howe Manufacturing Company, which company furnished it to him to be used by him

in the business of the Howe Manufacturing Company; that the machinery was manufactured by the Louisville Elevator Company in such a negligent and defective manner as to be inadequate for the purposes for which it was made by the Louisville Elevator Company; that in casting or molding the ball joint the elevator company left in it defects, the result of negligence in casting or molding it; that these defects in the machinery were known to the elevator company, or could have been known by the exercise of ordinary care; that the elevator company knew the use to which the machinery was to be put; that he did not know of the dangerous condition of the machinery, and could not have known of it by the exercise of ordinary care; that he did not have any opportunity or facility of knowing its dangerous condition, but that such opportunity and facility were possessed by the defendant; that while he was using the machinery for the purposes for which it had been manufactured and supplied to him, and while exercising reasonable care, the machine, by reason of its defective and dangerous condition, exploded, breaking his ankle and seriously and permanently injuring him. It is not charged that the elevator company knew of the defects in the machinery. The charge is that it knew, or could have known by the exercise of ordinary care and diligence, of the defects in the machinery, and that these defects rendered it dangerous and insufficient for the purposes for which it was intended.

As the pleading must be taken against the pleader, this is only an allegation that the defendant by ordinary care might have known the facts. In King v. Creekmore, 117 Ky., 172; 77 S. W., 689; 25 Ky. Law Rep., 1292, Creekmore owned a sawmill which

he leased to Warren, and while Warren was oper-
ating it the boiler exploded, seriously injuring King,
who was an employe of Warren. It was charged
that the boiler was defective, and was known to be so
by the defendant, or that he by ordinary care might
have known of. its dangerous and defective condition.
It was held that Creekmore was not liable. This
case was followed in Simons v. Gregory, 85 S. W.,
751; 27 Ky. Law Rep., 509, where a passenger in an
elevator sought to hold the maker of the elevator
liable, when he was injured by the fall of the elevator
after it had been run for months, and broke down by
reason of its being operated by an inexperienced and
unfit person. A number of authorities sustaining the
rule laid down are collected in these opinions. Sum-
ming up the authorities on this question in a note to
Woodward v. Miller, 100 Am. St. Rep., 200, Judge
Freeman says: ''The manufacturer or vendor of a
tool, machine, or appliance, which is not in its nature
intrinsically dangerous, is not ordinarily liable for
defects therein to one not in privity with him. This
has been held to be the law in respect to a land
roller,*  *  *  a drop press,  *  *  *  a threshing
machine cylinder,  *  *  *  a balance wheel,  *  *  *
a steam boiler,  *  *  *  a hoisting apparatus,  *  *  *
a gasoline pear burner,  *  *  *  a passenger eleva-
tor,  *  *  *  or a freight elevator.''

There are some well recognized exceptions to the
rule. One is where the thing is imminently dangerous
to human life. Thus, where a druggist sold and
labeled as ''extract of dandelion,'' which is harmless,
a jar of extract of belladonna, which is a deadly
poison, he was held liable to a third person injured
by it. Thomas v. Winchester, 6 N. Y., 97; 57 Am.

Dec., 455. The same principle has been applied to a loaded gun, or a scalffold 90 feet high built for a painter to use in painting the steeple of a church (Dixon v. Bell., 5 Maule & S., 198; Bishop v. Weber (Mass.), 1 N. E., 154; 52 Am. Rep., 715; Devlin v. Smith, 89 N. Y., 470; 42 Am. Rep., 311; Meers v. McDowell, 110 Ky., 926; 23 Ky. Law Rep., 461; 62 S. W., 1013; 53 L. R. A., 789; 96 Am. St. Rep., 475), or where naphtha was sold for oil (Wellington v. Downer Kerosene Oil Company, 104 Mass., 64), or where poisonous ice cream was sold by a manufacturer as food at a ball (Bishop v. Weber (Mass.), 1 N. E., 154; 52 Am. Rep., 715). See, also, McCaffrey v. Mossberg, etc., Manufacturing Company (R. I.), 50 Atl., 651; 55 L. R. A., 822; 91 Am. St. Rep., 637; Huset v. Case Threshing Machine Company, 120 Fed., 865; 57 C. C. A., 237; 61 L. R. A., 303, and cases cited. Another exception is made where the person whose negligence causes the injury invites or induces the plaintiff to use the defective appliance (Coughtry v. Globe Woolen Company (N. Y.), 15 Am. Rep., 387), or where a manufacturer makes fraudulent representations, or knows the defects or fraudulently paints them over, or so conceals them that they can not be discovered (Schubert v. Clark (Minn.), 51 N. W., 1103; 15 L. R. A., 818; 32 Am. St. Rep., 559; Woodward v. Miller (Ga.), 46 S. E., 847; 64 L. R. A., 932; 100 Am. St. Rep., 188, and cases cited in note). The case before us does not fall within any of the exceptions laid down to the general rule, which seems to be supported by substantially the entire current of authority. It is not shown that the dangerous condition of the machinery was known to the elevator company, and it is not alleged that the machinery in

its condition was imminently dangerous to human life, and there is nothing alleged to take the case out of the general rule.

Judgment affirmed.