CASE 71.—ACTION BY SAMUEL J. WARD AGAINST THE
PULLMAN COMPANY.—May 31, 1910.

## Ward v Pullman Co.

Appeal from Kenton Circuit Court (Common Law and Equity Division).

M. L. HARBESON, Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

1.  Negligence—Sale of Dangerous Article Without Notice.—One who sells or delivers an article which he knows to be imminently dangerous to life or limb without giving notice of its dangerous qualities or condition is liable to any person who suffers an injury therefrom which might have been reasonably anticipated, whether there was any contractual relation between the parties or not.

2.  Negligence—Action for Injuries—Sufficiency of Evidence.— In an action against a car manufacturing company for injuries to a railroad brakeman from a defective brake staff, evidence of defendant's negligence held sufficient to go to the jury.

MYERS & HOWARD for appellant.

MARTIN M. DURRETT for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant brought this action to recover of the Cincinnati, New Orleans & Texas Pacific Railway Company and the appellee, the Pullman Company, damages for being deprived of the services of his son, Joel Ward, during the latter's minority, resulting from the loss of both of his feet and a part of his

legs, alleged to have been caused by the gross negligence of the two corporations named; the Pullman Company in constructing and furnishing the railway company for its use, and the railway company in requiring appellant's son as a brakeman in its employ to operate a car known as a "gondola," containing a defective and dangerous brake which broke in its use by him, thereby causing him to fall to the railroad track in front of the moving gondola and receive the injuries complained of. Appellant dismissed the action in the court below as to the Cincinnati, New Orleans & Texas Pacific Railway Company, but continued its prosecution as to the appellee, Pullman Company, and on the trial of the case as to the latter company the jury, in obedience to a peremptory instruction from the court, returned a verdict in favor of the. Pullman Company, upon which judgment was duly entered. From that judgment and the refusal of the circuit court to grant him a new trial, appellant prosecutes this appeal.

According to the evidence the car in question was a new one constructed by the Pullman Company for the use of the railway company, and appellant's son, who was a brakeman in the railway company's employ, was directed by the yard foreman to run it into a switch in the Ludlow depot yard from which it was to be attached to a train for its initial trip. It was further shown by the evidence that appellant's son by command of the foreman got upon the car for the purpose of controlling its movements with the brake downgrade; and that, upon his taking hold of and trying to turn the brake, the staff broke at a point 2½ feet below the staff wheel and 6 inches above the rachet, which caused appellant's son to fall on the track in front of the moving car in such a

manner that its wheels caught and mangled his legs to such an extent as to necessitate the amputation of both feet.

It was contended by appellant and indisputably established by the evidence that the brake staff at the point where it broke had never been properly welded by appellee's servants, that there was an aperture or crack from a sixteenth to an eighth of an inch in width around the weld, and that the aperture or crack had been filled with red paint of the color and kind with which the exterior of the car had been painted, which had obviously been applied by the painters of appellee's shops to conceal its presence. It was shown by the testimony of three blacksmiths that appellee's blacksmiths were bound to have had hold of the brake staff in welding it and to have known that the brake staff was defectively welded, that the slightest strain upon it would cause it to break, and that any attempt of a brakeman to turn it would break the staff and cause him to fall from the car. We think it legitimate to conclude that this defect in the brake was known to appellee's servants by whom the welding was done, that it must also have been discovered while the car was being painted by appellee's servants charged with that work, who inserted in the rift or crack paint to hide its presence and prevent its discovery by others. It was apparent, however, that the paint did not so conceal the defect in the brake staff as to prevent its discovery by inspection, though one having to take hold of and use the brake as did appellant's son could not have been expected to discover the defect or know of the danger of using it.

We think it further proper to say that the jury from the facts proved would, if properly instructed,

have had the right to conclude that appellee, when it sold and delivered the gondola to the railway company for use in its business and by its employes, was bound to have known, and did know, that its brake staff was imminently dangerous to life and limb; that neither appellant's son nor the railway company knew of its defective and dangerous condition when he attempted to use it; and that the injuries he received by its attempted use were such as appellee might reasonably have anticipated would result from its use, and these facts, if established by the evidence, entitled appellant to recover. In other words, there was evidence which conduced to prove that appellee was guilty of negligence in manufacturing the car in question; that the result of such negligence was a defect in the car which was imminently dangerous to the life and limb of every person operating it for the purposes for which it was made; that appellee knew of the defect, yet through the fraud of its servants in its painting department concealed the defect; and that neither the railway company nor appellant's son knew of its defective and dangerous condition.

We think that the facts pleaded and established by the appellant's evidence bring this case within the rule that one who sells or delivers an article which he knows to be imminently dangerous to life or limb, without giving notice of its dangerous qualities or condition, is liable to any person who suffers an injury therefrom, which might have been reasonably anticipated, whether there was any contractual relation between the parties or not. This rule and its exceptions will be found stated with great clearness in the leading case of Huset v. J. I. Case Threshing Machine Co., 120 Fed. 865, 57 C. C. A. 237, 61 L. R. A. 303, and the cases therein cited.

The rule in question has been approved by this court in King v. Creekmore, 117 Ky. 172, 77 S. W. 689, 25 Ky. Law Rep. 1292, Simons v. Gregory, 120 Ky. 116, 85 S. W. 751, 27 Ky. Law Rep. 509, and Heindirk v. Louisville Elevator Co., 122 Ky. 675, 92 S. W. 608, 29 Ky. Law Rep. 193, 5 L. R. A. (N. S.) 1103, though in none of these cases were the facts of such a character as to justify its application.

We are of opinion that the jury should have been allowed to determine in this case from the evidence presented whether the plaintiff was entitled to recover the damages or any part thereof claimed.

Wherefore the judgment is reversed, and cause remanded for a new trial consistent with the opinion.