## Baldwin's Administrator v. Maggard.

(Decided January 29, 1915.)

### Appeal from Boyd Circuit Court.

1.  Automobiles—Notice—Presence on Street—Lookout.—It is the duty of a person in charge of an automobile to have it under reasonable control; to give notice of its presence by the customary signal of sounding the horn; to keep a lookout for persons and vehicles on the street; and to exercise ordinary care to prevent injuring them.
2.  Automobiles—Pedestrian—Care Required of in Use of Street.—It is the duty of a pedestrian using a street to exercise that degree of care which ordinarily prudent and careful persons usually observe under like or similar circumstances, to look out for and learn of the approach of vehicles upon the street, and to avoid coming in collision with them.

LEWIS P. WATSON, J. F. STEWART and JOHN W. WOODS for appellant.

H. R. DYSARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

On August 2, 1913, Sol Baldwin lost his life by being struck and run over by appellee's automobile on Winchester avenue, near where it intersects 29th street, in Ashland, Kentucky.

Winchester avenue is one of the principal streets of Ashland, upon which street cars run east and west, and connect Ashland with Catlettsburg and other towns in that vicinity. The streets of Ashland run north and south, and the avenues run east and west. At 29th street a suburban street car line crosses the main line on Winchester avenue. The suburban cars run north and south on 29th street, through suburban property, to South Ashland; and passengers are given the privilege of transferring from the Winchester avenue cars to the 29th street cars.

At the end of the day's work Baldwin and his brother-in-law, Copp, boarded the Winchester avenue car at 16th street, paid their fare, and procured transfers to the 29th street or South Ashland car. Baldwin was drunk. When the Winchester avenue car reached 29th street, it stopped at its regular stopping place for passengers to get off and on the car. Baldwin, with other passengers, left the car; and after Baldwin had about reached the sidewalk, some one called his attention to the fact that he had forgotten his basket; whereupon he returned to the car to get it. By this time the street was about clear of passengers.

While he was climbing upon the rear platform of the car a passenger sitting at an open window handed Baldwin's basket out of the window, either to Copp or to Baldwin; whereupon Baldwin started to return to the sidewalk, and either stumbled or staggered into appellee's automobile, which was then passing the street car. One or both of the wheels of the automobile passed over Baldwin's body, and injured him to such an extent that he died during the day.

The accident occurred between 7:30 and 8 o'clock in the evening. It is clearly shown, however, that appellee's automobile carried the usual lights; indeed, no complaint is made that the night was dark or that it was difficult to see objects in the street.

Baldwin's administrator, sued Maggard to recover damages for the killing of Baldwin; and the jury having found a verdict for the defendant, the administrator appeals.

Appellant introduced evidence tending to show that Maggard's automobile was going from 25 to 35 miles an hour; while appellee showed, by the testimony of himself and at least three other witnesses, that the speed

KENTUCKY REPORTS.      [Vol. 162.

of the automobile did not exceed from four to six or seven miles an hour, and that he gave ample notice of its approach by blowing the horn.

The only errors assigned for a reversal are, that the first and third instructions were erroneous and prejudicial to appellant.

The first instruction is a substantial copy of the instruction given in Fulkerson v. Akers, 145 Ky., 187, and required Maggard, who was in charge of his automobile, to have it under reasonable control. Appellant insists that the instruction should have required Maggard to have his automobile under absolute control, and to stop his automobile, and that the instruction was erroneous in that it only required him to maintain a reasonable control of his automobile.

Appellant insists that the instruction given in Gregory v. Slaughter, 124 Ky., 345, 8 L. R. A. (N. S.), 1228, should have been given, or that the rule there laid down should have been followed. The facts, however, in Gregory v. Slaughter were so radically different from the facts in the case at bar as to make the instruction there given inapplicable to this case. The trial court properly followed the law as laid down in Fulkerson v. Akers, in requiring appellee to have his automobile under reasonable control. This rule has been generally applied in cases of this character, and we see no reason to depart from it.

It is further contended that the third instruction was wrong, since it required Baldwin to exercise that degree of care which ordinarily prudent and careful persons usually observe under like or similar circumstances, and to look out for and learn of the approach of the defendant's automobile, and to avoid coming into collision with it. It is insisted that Baldwin's only duty was to exercise ordinary care, and that when the instruction went further and required him to look out for and learn of the approach of the appellee's automobile, it imposed upon Baldwin a duty not required by law.

The objection is over critical. The instruction only required Baldwin to be ordinarily prudent and careful under the circumstances which led to his injury, namely, to look out for and learn of the approach of the automobile which struck him. Clearly, appellant was not prejudiced by this instruction.

Judgment affirmed.