## Hart v. Roth.

(Decided January 20, 1920.)

## Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Negligence—Pleading.—When a plaintiff, in his petition, specifies the acts of negligence complained of, he must rely upon the specific acts alleged, and can not recover on account of an act of negligence not complained of; but, where he alleges the negligence of the defendant, in general terms, he may show and recover for any specific act of negligence, which the evidence warrants.

2. Negligence—When Question for the Court.—Where the facts are admitted or established by undisputed testimony, negligence is a question for the court.

JOHN P. HASWELL, JR., for appellant.

HUBBARD & HUBBARD for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This is an appeal by the appellant, Mrs. William H. Hart, from a judgment rendered against her in favor of the appellee, Sallie Roth, for the sum of $1,560.00, claimed by appellee on account of personal injuries, received by her, when an automobile, jointly owned by the appellant and her daughter, and in which appellant was then riding, and which was then being operated by her daughter, the other joint owner, collided with appellee upon the crossing of Market street over Fourth street, at an intersection of those streets upon the south side of Market street, in the city of Louisville. A street car was proceeding along Fourth street in the direction of Market street, and, in the rear of the street car and following it, the appellant's automobile, in which appellant and her daughter and son-in-law and a small child were riding, was proceeding in the same direction. When the street car arrived at the intersection of Fourth and Market streets and immediately, before the front end of the car reached the crossing of Market street over Fourth, the car stopped for the purpose of receiving and discharging passengers. Just at this time, the appellee, accompanied by two female friends, approached the northeast corner of the intersection of the streets, and proceeded over the crossing toward the southwest corner of

the intersection, passing, as they did so, immediately in front of the street car. When the street car stopped, the appellant's automobile drew up to about the distance of the length of the automobile in the rear of the street car where it stood for a moment, and then, while the street car was yet standing, and while persons were yet alighting from, and getting upon it, the automobile was turned to the left of the street car, and driven past it, between it and the curbing, upon the left side of it, and over the crossing. The appellee and her two companions had just passed over the street car track in front of the street car when the automobile collided with appellee, who was a foot or two in front of her companions. The collision was forceful enough, that the impact was heard by persons, who were standing upon the corner nearby. The appellee was struck upon the left side, her right foot was run over by one of the wheels of the automobile, her face was cut and made to bleed, the skin upon her shins, was cut away and bruised in a number of places, and her limbs and body received bruises in various places. She was prevented from falling to the ground by one of her friends seizing her, and who assisted her to her home, where she received treatment by a physician. She was confined to her bed for about two weeks, and, thereafter, for the same length of time, was confined to her room, and was unable to engage in the work of a seamstress in which she was, at that time, employed for about six months, and was, at the time of the trial, yet under the care of a physician. She complains of certain internal injuries as a consequence of the collision, and, also, of a great deal of suffering from pains in her side and back, and her weight was reduced from two hundred and ten pounds at the time of the accident, to one hundred and seventy pounds at the time of the trial, about a year after.

The appellee instituted this action against the appellant and her husband, but, upon the trial, it appearing, that the husband was neither the owner of the automobile, nor operating it at the time of the injury, a verdict was directed in his favor by the court, but the trial resulted, as heretofore stated, in a verdict and judgment against appellant. Her motion, for a new trial, being overruled, she has appealed, and insists, that the judgment ought to be reversed for the three following reasons:

(1)  The court erred in the instructions to the jury.

(2)  Because of surprise, which ordinary prudence could not have guarded against, and which materially prejudiced her rights.

(3)  The damages, allowed, were excessive

These grounds will be considered in the order in which they are stated.

(a)  The court, in an instruction in substance, advised the jury, that the chauffeur, of appellant's automobile, was, as a matter of law, negligent in its operation in that, instead of stopping it, while the street car was receiving and discharging passengers at the intersection until the street car should have done receiving and discharging passengers and moved  on, she continued to drive the machine forward and around the left side of the street car, and upon the wrong side of the street, and that its negligent operation, thus, had resulted in the collision with the appellee, and to find for appellee, unless it should believe that the appellee, by negligently failing to exercise ordinary care for her own safety upon the crossing contributed to her injury to such an extent, that but for her own negligence, she would not have been injured.  The court based this instruction, in part, if not wholly, upon the requirements of the ordinances of the city of Louisville, and it is not complained, that the construction, placed by the court upon the provisions of the law regulating the operation of automobiles upon the streets of the city was not correct, but, the instruction is criticised as being in violation of the principle that a plaintiff, when he specifies in his petition in what, the negligence, complained of by him, consisted of, is bound by his specifications, and can not introduce evidence, which supports elements of negligence, other than those, specified by him, and then, as a matter of course is not entitled to have instructions to the jury, which embrace and permit a recovery, by him, for acts of negligence upon which he has not relied, in his petition. In other words, it is contended, that the appellee did not rely, in her  petition, upon any negligence arising from the failure of the chauffeur to stop the automobile while the street car was receiving and discharging passengers at the intersection,  and  instead thereof, negligently driving the automobile around from the rear of the street car and between it and the curbing upon the left side of the street car, and upon the

wrong side of the street and over the crossing, but, it is contended, that the averments of the appellee's petition, specified, that the negligence, complained of, consisted, alone, in driving the car at a rapid rate of speed, and failing to give any warning of its approach. That it is a correct and well established principle of the law of negligence, that when a plaintiff specifies, in his petition, the elements of negligence, complained of by him, he can not recover upon any element of negligence, not specified, there is no doubt. Palmer's Admr. v. Empire Coal Company, 162 Ky. 130; Birch v. Louisville Car Wheel and Railway Supply Company, 146 Ky. 270; Thomas v. L. & N. R. R. Co., 35 S. W. 910; Gaines & Co. v. Johnson, 133 Ky. 516; L. & N. R. R. Co. v. McGary's Admr., 104 Ky 517. One of the reasons for the above rule is, that the plaintiff selects his own cause of action, and he should not be permitted to recover of the defendant on account of something of which he does not complain and of which he has given no notice, that he is complaining. It is, however, just as well settled, that a plaintiff, in an action because of personal injuries, may allege the negligence of the defendant in general terms, and when having done this, he may show and rely upon any specific element of negligence, which the evidence warrants, and, in such a state of case, it is considered, that the allegations of the petition have given notice to the defendant of every specific act of negligence, which is susceptible of being proven and that the plaintiff is relying thereon. Edwards' Admr. v. C. & O. R. R. Co., 32 R. 1241; Ballard and Ballard Co. v. Durr, 165 Ky. 632; Chiles v. Drake, 2 Met. 146. We do not, however, construe the averments in the petition, with reference to the negligence of the appellant as spcifying the rapid movements of the automobile and a failure to give a warning of its approach, as being the specific acts of negligence, relied upon, but, the averment, is a charge in general terms of a negligent operation of the automobile and includes all elements of negligence with reference to its operation. The uncontradicted evidence, is to the effect, that the street car was standing at the intersection, receiving and discharging passengers, when the automobile was driven from behind it and to its left and upon the left side of the street and over the crossing, and, in so doing, it collided with the appellee. Section 2775, Kentucky Statutes, requires the courts to take judicial cognizance of the ordinances

of the city of Louisville, and as held in Gnau v. Ackerman, the statute dispenses with the necessity of introducing the ordinances in evidence. Where the facts are admitted or established by undisputed testimony, negligence is a question for the court, and should be taken away from the jury. Henderson Trust Co. v. Stewart, 48 L. R. A. 49; Exchange Bank v. Trimble, 21 R. 1681, 56 S. W. 156; City of Maysville v. Guilfoile, 23 R. 43; L. & N. R. R. Co. v. Cooper, 164 Ky. 489. The appellant did not offer any instructions of any kind upon any issue, which she, now, insists, was in the case.

(b) The surprise of which appellant complains as prejudicial and which denied her a fair trial, is, that certain attorneys appeared of record for the appellee, and that only one of these attorneys was present when the jury was selected, but, thereafter, another attorney, whom the record did not disclose as an attorney for appellee, appeared, and consulted with and assisted the attorney, who was conducting the action for appellee in the conduct of the trial, and in the presence of the jury, and that appellant, because of not knowing of the fact, that the second attorney would appear and assist in the trial had been deprived of the opportunity to examine the jury with reference to the association and connection of the members of the jury with this attorney. The affidavit of the attorney is filed in which he denies having any acquaintance with any of the jurors, or of having any employment in the action, and says that his only connection with the trial, was, that he casually appeared in court, and was requested, by the attorney who was conducting the trial for appellee, to make a memorandum of the evidence. The contention of appellant seems to be, that the mere presence of this attorney, apparently in the interest of the appellee, conduced to influence the jury to return a verdict against her. Without determining whether such circumstances could, in any case, be prejudicial to the rights of a litigant, it is sufficient to say, that appellant made no objection, during the trial, to the conduct of this attorney, and only complained of it in her grounds for a new trial, which was too late to make such a contention.

(c) There was evidence, by a physician, that certain of the injuries, claimed, by appellee, to have resulted from her collision with the automobile, were permanent and permanently injured her health, and impaired her power

to earn money. Much of the evidence as to appellee's injuries, was contradicted by other evidence, but, the truth of such matters, was a question for the jury. Considering the evidence, heard by the jury of the injuries received, and the pain and suffering endured by appellee and its effect upon her health, and the expenses to which she was subjected because of the injury, in the way of medical bills and her loss of time, we are not able to say that the amount of the damages allowed were so excessive as to strike one at first blush, that the verdict was the result, or was induced by passion and prejudice of the jury.

The judgment is therefore affirmed.