## Wilder v. Cadle.

(Decided January 22, 1929.)

JOHNSON & SILER and STEPHENS & STEELY for appellant.

TYE, SILER, GILLIS & SILER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Miss Elizabeth Wilder instituted this action against J. M. Cadle to recover damages for personal injuries alleged to have been sustained by her as a result of his negligence in the operation of his automobile. At the conclusion of the evidence for the plaintiff, the trial court directed the jury to find a verdict for the defendant. A new trial was requested and refused, and the plaintiff has prosecuted an appeal. If the evidence adduced at the trial, and the inferences fairly deducible therefrom, tended to establish the alleged cause of action, it was error for the

court to direct a verdict. Terrell v. Southern Ry. Co., 225 Ky. 645, 9 S. W. (2d) 993.

It is necessary, therefore, to ascertain whether the evidence offered by the plaintiff tended to establish the cause of action which she alleged. Miss Wilder testified that she desired to cross Main street in the city of Corbin, and, after looking both ways and seeing no impending danger, proceeded toward her destination. When she was about half way across the street she was struck and injured by a motor car driven by defendant. The street was about 30 feet wide, and she had no notice or knowledge of the approach of the car until it was right upon her. She was hit on the right side, lifted into the air and fell several feet forward from the point where the impact occurred. The car ran close to the spot where she landed and came to a stop without striking her again. Other witnesses testified that defendant's car came into Main from Third street, which was about 100 feet from the scene of the accident, at a speed of probably 20 miles per hour. The brakes on the car were applied when it was about 30 feet from the young lady. At that time the car skidded and continued to move forward until it came in contact with the plaintiff. The weight of the woman's body somewhat slowed the car, and it stopped within a short space variously estimated by the witnesses at from 3 to 9 feet from the point of the collision. No signal or warning of the approach of the car was given, and there appeared to be room on either side of the woman for the car to pass. The testimony was sufficient, if believed, to warrant the jury in finding that the car was not operated with reasonable care. The young lady was in plain view, and the application of the brakes indicated that her peril was appreciated by the driver at that time. The skidding of the car and the inability of the operator to avoid striking plaintiff, under the circumstances and in the time shown, would justify the inference that the car was not operated with due regard for the safety of travelers on the street.

It is the duty of the driver of an automobile on the public street, where pedestrians may be expected, to keep a reasonable lookout, to run the machine at a reasonable rate of speed, to keep it under reasonable control, and to give a reasonable warning of its approach, if warning is necessary under the circumstances shown. Section 2739g-28 Ky. Stats.; Wener v. Pope, 209 Ky. 553, 273

S. W. 92; United Casket Co. v. Reeves, 206 Ky. 581, 267 S. W. 1108; Weidner v. Otter, 171 Ky. 167, 188 S. W. 335; Bruce v. Callahan, 185 Ky. 1, 213 S. W. 557; Baldwin v. Maggard, 162 Ky. 424, 172 S. W. 674.

In this case it was for the jury to determine from the evidence whether any of these duties were disregarded, and, if so, whether such breach of duty was the proximate cause of the plaintiff's injury. It is also argued that plaintiff was guilty of such contributory negligence as precluded a recovery by her. The argument is predicated upon the failure of plaintiff to look again after starting across the street. She was not, as a matter of law, guilty of contributory neglect in not looking again. It was for the jury to decide whether her conduct on the occasion in question was that of an ordinarily prudent person under like circumstances, and whether she was so careless of her own safety as to defeat her right of action. Conway v. Louisville & N. R. Co., 135 Ky. 229, 119 S. W. 206, 122 S. W. 136; Chesapeake & O. Ry. Co., v. Conley, 136 Ky. 611, 124 S. W. 861.

It is also argued that the witness, Logan Wright, was not qualified by experience in driving or observing the movement of vehicles to estimate the speed of an automobile approaching him in a direct line. He was police judge of the city and a man of at least average experience and intelligence, even though he had never driven a car or ridden very much in that character of conveyance. The circumstances suggested as disqualifying the witness may have affected the weight of his testimony, but they did not render it inadmissible. 22 C. J. pp. 567 to 572. A witness offered to prove the speed of a moving object is not required to have any special skill or expert training, but is competent to testify, if able to understand and appreciate the common factors of time and distance. Moore on Facts, sec. 429; Dugan v. Arthurs, 230 Pa. 299, 79 A. 626, 34 L. R. A. (N. S.). 778; Cf. Illinois Cent. R. Co. v. France, 130 Ky. 26, 112 S. W. 929.

Apart from any mere opinion of the witness as to the speed of the car, the facts developed tended to show that the machine was not under proper control, and produced a prima facie case for plaintiff that called upon the defendant for explanation. The opinions of observers are competent to be considered on the issue of speed, but the facts as they are shown to have occurred are often more convincing. Moore on Facts, sec. 423.

It is further argued that the petition failed to allege a cause of action, and for that reason the peremptory instruction was warranted. The original petition charged that defendant "by gross negligence and carelessness drove his automobile on Main street at Third street at such a dangerous and reckless rate of speed that he drove his car on, over and against the plaintiff," thereby inflicting the injury alleged; and it further charged that defendant was operating and driving his car in a careless and negligent manner which caused the misfortune. In an amended petition it was alleged that defendant discovered the peril of the plaintiff and thereafter failed to exercise ordinary care to prevent striking her. These averments were sufficient to charge all the elements of negligence with reference to the operation of an automobile upon the public street, as this court has held in a case quite similar. Hart v. Roth, 186 Ky. 535, 217 S. W. 893.

It appears, therefore, that the action of the trial court in directing a verdict for the defendant was not warranted.

The judgment is reversed for a new trial in consonance with this opinion.