## Porter v. Music.

(Decided Jan. 30, 1934.)

JOSEPH D. HARKINS and JOHN L. HARRINGTON for appellant.

W. J. WARD for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Neal Music, by his father, as next friend, instituted this action in the Johnson circuit court against Paul Porter, seeking to recover damages for personal injuries alleged to have been caused by the negligence of the latter in the operation of his automobile. Trial before a jury resulted in a verdict and judgment for plaintiff in the sum of $750, and defendant is appealing.

While it is urged by counsel for appellant that the trial court erred in the admission of incompetent evidence on behalf of appellee and in rejecting competent evidence offered by appellant and in instructing the jury, their main contention is that the court erred in not sustaining appellant's motion for a peremptory instruction and practically all of their brief is devoted to this ground.

The accident occurred in the village of East Point. Appellee, a boy between 8 and 10 years of age, had gone to a store on an errand, and, shortly after leaving the store on his return home, he came in collision with appellant's automobile. Appellee did not take the witness stand and none of the witnesses introduced in his behalf actually saw the collision. Virgil Crider testified that he heard the impact and looked up and saw the automobile stop about 60 feet from where the boy was struck. He assisted in taking the boy to the hospital and at appellant's request drove the automobile. He testified that the automobile could not have been stopped readily with the foot brakes but that he did not try the emergency brake. K. Smith, whose home is about 25 or 30 feet from the highway opposite where the accident occurred, testified that he saw the boy start from the store and saw appellant's automobile approach from the opposite direction, but did not see the accident because his view at that point was broken by some quilts hanging on a clothesline. He heard the noise of the collision and immediately went to the scene where he found appellee lying about 4 feet to the left of the painted line in the center of the paved portion of the highway. He also testified to blood spots on the left of the center line. It is in evidence that the handle of the door on the left side of the automobile was bent and there was a large dent in the rear fender on the same side. Mr. Smith gave as his opinion that the automobile was running about 35 miles an hour. Appellee sustained some cuts and bruises, a broken jaw bone, and the loss of three or four lower teeth, and the evidence of physicians indicates that the injuries are permanent or at least there will be a permanent disfigurement.

Appellant lives in Paintsville but is employed in Prestonsburg, making the drive back and forth every day. He testified that, as he approached the scene of the accident on his way to his home, he was driving at a reasonable speed and met another automobile; that appellee came from behind this automobile, rolling a hoop and ran into the side of his automobile before he could do anything to prevent the accident. No other witness testified to having seen another automobile. The evidence further discloses that the highway is straight for several hundred feet from the point where the accident occurred and that appellant gave no warning of his approach.

The law imposes the duty on the driver of an automobile or other vehicle, when upon a highway, to operate such vehicle in a careful manner with due regard for the safety and convenience of other persons or vehicles thereon and to drive on the right side of the highway whenever possible and unless the left side is clear of all other traffic or obstruction and presents a clear view for at least 150 feet ahead. Kentucky Statutes, sec. 2739g-35. Where vehicles are meeting on a straightaway, unobstructed highway, they should pass to the right, each giving to the other one-half of the road as nearly as possible and they should not proceed at a speed exceeding 30 miles per hour. Kentucky Statutes, sec. 2739g-39. It is also the duty of the driver of an automobile on a public highway or street where pedestrians are to be expected, to keep a reasonable lookout, and to operate his automobile at a reasonable rate of speed and keep it under reasonable control, to exercise ordinary care generally to avoid injuring others, and to sound the horn or other sounding device thereon when necessary as a warning of its' approach to pedestrians or to other vehicles. Kentucky Statutes, sec. 2739g-28; Wilder v. Cadle, 227 Ky. 486, 13 S. W. (2d) 497. Section 2739g-51 of the Statutes, as amended by Acts 1930, c. 79, also relates to the speed of automobiles under varying conditions.

While the evidence for appellant would indicate that he was blameless and the accident was unavoidable upon his part, the evidence for appellee on the other hand tends to show or to furnish a reasonable basis for an inference that he violated some, if not all, of the above-enumerated duties and possibly others. In such circumstances, there is no room for doubt as to the propriety of submitting the case to a jury under appropriate instructions.

No error in admission or rejection of evidence is pointed out in brief, and, under a well-established rule, this court has consistently refused to search a record for such alleged errors. Adhering to this rule, we are only left to determine the propriety of the instructions given.

Instruction No. 1 in effect authorized the jury to find for appellee if they believed from the evidence that appellant negligently and carelessly ran his automobile upon or against him, but to find for appellant unless

they so believed. Clearly this instruction is erroneous since the jury is left without guide or information as to what in the proven circumstances constitutes actionable negligence. The instruction should have set out the duty or duties imposed by law upon appellant under pleading and proof and authorized a finding for appellee if the jury believed from the evidence that appellant negligently failed to observe any one or more of them and that as an approximate result of such failure, if any, appellee was struck and injured. And this should have been followed by the usual converse.

Instruction No. 2 on the measure of damage, in addition to authorizing such finding as would fairly and reasonably compensate for pain and suffering, authorized a finding for such sum as would "compensate for any permanent injuries." The basis of recovery for permanent injuries and the criterion for damage for such injuries is the permanent impairment or diminution of the power to earn money. W. A. Wickliffe Coal Company v. Ryan, 241 Ky. 537, 44 S. W. (2d) 525; Consolidated Coach Corp. v. Wright, etc., 231 Ky. 713, 22 S. W. (2d) 108, and as indicated in the latter case, "permanent injury" is not synonymous with or equivalent to "permanent impairment of earning power." Where pleading and proof authorize an instruction on measure of damage for permanent injuries, the instruction fixing the measure of damage should conform to the rule announced in the authorities cited.

Instruction No. 3 authorized a finding for appellant if the jury believed from the evidence that appellee was negligent and but for such negligence the injury would not have occurred. While the law imposed upon appellant the duty of exercising ordinary care to avoid injuring appellee, it also imposed upon appellee the reciprocal duty of exercising ordinary care to learn of the approach of appellant's automobile and to avoid being struck by it. Jackson's Adm'r v. Rose, 239 Ky. 754, 40 S. W. (2d) 343. It is therefore apparent that the third instruction contains the same vice as the first. Courts should also define negligence, ordinary care, etc., when used in the instructions. No other instructions were given or offered, and we are not called upon to anticipate additional instructions that may be offered on another trial; and, since the evidence may be materially different in the event of another trial, we refrain from

formulating instructions to be given. It is apparent, however, that in any state of case, the foregoing authorities will serve as sufficient guide to the court in preparing proper instructions.

Because of the errors indicated, the judgment is reversed and cause remanded for a new trial in conformity with this opinion.