JUDGE ELLIOTT
delivered the opinion of the court.
Appellee Brown’s mare having been run over and killed *477 by the cars of appellant, he proceeded, as required by the 6th section of chapter 57 of the General Statutes, to have the value of the mare ascertained by a board of appraisers; and the company failing for a period of sixty days to pay him the assessed value of his property and one half the cost, as required by section 7 of the same act, he brought this suit for their recovery, and his verdict for $200 and judgment for $250 is here for revision at appellant’s instance.
The correctness of the judgment is questioned on several grounds, some of which we will proceed to notice.
In the first place, it is said that the court erroneously decided that the burden of proof was on appellee, and that he had the right to the closing argument to the jury. Whether this was or not correct depends upon the proper construction of sub-section 6, of section 317, of the new Civil Code of Practice, which provides, that after the evidence is closed “ the parties may then submit or argue the case to the jury.
“In the argument, the party having the burden of proof shall have the conclusion, and the adverse party the opening. If there be more than one speech on either side, or if several defendants having separate defenses appear by different counsel, the court shall arrange the relative order of argument.”
It becomes therefore important to inquire who had “the burden of proof” in this action, in order to ascertain who had the right to the closing argument to the jury.
By section 5 of chapter 57 of the General Statutes (speaking of the responsibility of railroad companies) it is provided that the killing or damaging of any horses or other stock along said roads or other branches, shall be prima facie evidence of the carelessness and negligence of said company.
In this case the appellant admitted the killing of the mare sued for, and undertook to justify the killing by proper averments that it was the result of unavoidable accident, and that the agents of appellant were not guilty of carelessness or negli *478 gence, but on the contrary used the proper skill, vigilance, and foi’esight in the management of appellant’s train of cars at the time.
As the killing of the mare was by statute made prima facie evidence of carelessness and negligence on the part of the agents of the company, and as the appellant admitted the killing, the burden of proof was on it to show that the killing was done without actionable fault on its part.
But it is said that although the appellant admitted that the appellee’s mare was killed by its cars, still it not only denied actionable negligence, but also denied that the animal killed was worth the amount claimed by appellee, and that therefore the burden of proof was on appellee to prove the value of the mare. But the proof of the value of the property killed would have been as much on the appellee without any denial as with it; for, according to the Civil Code, neither value nor the amount of damages is considered as admitted by a failure to plead in this class of cases; and therefore, according to this view of the question, no affirmative plea would ever throw the onus on the defendant in an action of tort where the plaintiff would have to establish the damages by proofj whether denied by his adversary or not.
We regard the true rule to be, that that party has the burden against whom the jury, under the pleading, would be bound to find a verdict, and the court to render a judgment if no evidence was introduced on either side; and as the killing of appellee’s mare by the cars of appellant is made by the statute evidence of both negligence and carelessness, if no evidence had been offered, the appellee was entitled to a vei’dict; and therefore the lower court should have ruled that the burden of proof was on appellant.
It is also contended that the court erred to appellant’s prejudice by its second instruction given to the jury at appellee’s instance. By that instruction the question as to whether *479 the appellee had pursued the law in the appointment of a board of appraisers to value his mare after she was killed, was submitted to the jury.
The object of the statute which authorizes a justice of the peace to appoint a board of appraisers to assess the damages done to property injured by a railroad, was to avoid tedious litigation between the injured citizen and the company, and a penalty is therefore inflicted upon the party who stubbornly holds out against a proper valuation by the board of appraisers, for it is provided by the statute, that if by suit the injured citizen recovers from the company a sum equal to that assessed by the appraisers, the court shall add twenty-five per cent as a partial remuneration for being forced into the litigation.
But it was error to permit the record of the proceedings before the appraisers to be read to the jury. The questions arising on the proceedings before the appraisers were questions for the court and not for the jury.
For these errors the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.
Judge Pryor dissented from this opinion.