VOL. 85.]    JANUARY TERM, 1887.    151

Lou. & Nash. R. R. Co. v. Simmons, &c.

CASE 21—PETITION ORDINARY—FEBRUARY 3.

# Lou. & Nash. R. R. Co. v. Simmons, &c.

### APPEAL FROM BULLITT CIRCUIT COURT.

1. TRESPASSING STOCK.—The owner of land cannot recover for the trespass upon it by the stock of others, unless he has it inclosed by a lawful fence. The statute, and not the common law, applies.

2. WHERE STOCK STRAYS UPON A RAILROAD TRACK, even from the uninclosed lands of the owner, the company, under the statute, has no remedy for the trespass unless its road is within a lawful inclosure. But even if the common law applied, the company could not recover damages sustained by its negligence in running its cars over the stock.

   In this action against appellant to recover the value of mules killed by one of its trains, the appellant pleaded as a counter-claim the damages sustained by reason of plaintiff's negligence in allowing his stock to stray on the track, the plaintiff's alleged negligence consisting in his not having a good and lawful fence, such as would keep the mules within his own inclosure. The damages claimed resulted from the wrecking of the train by reason of the collision with the stock. The company's road was not inclosed. *Held*—That a demurrer to the counter-claim was properly sustained. But even if it presented a good defense, it could not have availed in this case, for the reason that the jury, by a verdict for the plaintiff, have found that the damages sustained by defendant were the result of its own negligence.

3. THE KILLING OF STOCK BY THE CARS OF A RAILROAD COMPANY is *prima facie* evidence of negligence, and the burden is on the company to show that the killing was the result of an accident that could not have been avoided, under the circumstances, by the exercise of ordinary care and diligence.

4. EVEN WHERE A RAILROAD IS WITHIN A LAWFUL INCLOSURE, the company must answer in damages for injury to stock straying on the track, if shown to have been caused by its negligence.

W. R. THOMPSON FOR APPELLANT.

1. Appellees have no right to recover in this action, for the reason that they were guilty of contributory negligence in not having their lands inclosed.

2. It was error to instruct the jury that it was the duty of those in charge of the train to use *all the means at their command* to avoid injury to the mules. This was too broad, and misleading. (L. & N. R. R. Co. v. Ganote, MS. Op., Nov. 18, 1879.)

3. The court erred in sustaining a demurrer to the counter-claim.

   The common law rule in relation to trespasses by cattle is still in force in Kentucky. The act of 1798 is an affirmative statute, merely cumulative, and, therefore, does not repeal or abrogate the common law. (M. & B., vol. 1, p. 611; Gen. Stats., chap. 55, sec. 2, pp. 343-4; Stewart v. Jewell, 7 Mon., 111; Eccles v. Stephenson, 3 Bibb, 518; South's Heirs v. Hoy, *Ibid.*, 524; Lillard v. McGee, 4 Bibb, 167.)

   The case of Wills v. Walters, 5 Bush, 351, distinguished.

WM. LINDSAY of counsel on same side.

F. P. STRAUS and RICHARDS & HINES for appellees.

   Brief not in record.

CHIEF JUSTICE PRYOR delivered the opinion of the court.

The appellees instituted this action in the court below against the railroad company for negligently killing two mules belonging to him that were ran over by a freight train in charge of its employes. The appellant filed its answer, making the third paragraph a counter-claim against the appellee, asking indemnity for damages sustained by reason of the appellee suffering his mules to stray on its track, alleging negligence in this regard, and that the train was wrecked thereby, causing great damage to the company, and for which they ask a judgment. The negligence of the appellee consisted in not having a good and lawful fence, such as would keep the mules within his own inclosure.

A demurrer was sustained to this counter-claim, and the principal question upon this appeal is, whether or not the counter-claim presents a cause of action.

The rule of the common law is asked to be enforced in this case, and the owner made liable for the trespass of his stock, caused by his failure to keep them on his own land, or to use reasonable precaution for that purpose.

At the common law the mere fact that the stock of

the owner trespassed on the land of his neighbor did not authorize the latter to kill and destroy the stock. He might sue for the unlawful entry and the destruction of his crops and grass, but had no right to run over and kill the stock with his vehicles or horses, for the reason that they had broken his close. If, in doing so, he injured his vehicle, or destroyed that which he used in taking the life of the animals, such an injury would not at the common law have been estimated as a part of the damages sustained by the trespass on his premises.

In this case, under instructions that were unobjectionable, the jury by their verdict has said that the mules were destroyed by the negligence of the appellant or those in its employ, and that negligence not only caused the loss of the mules to the plaintiff, but wrecked the train of the defendant, for which he is now asking damages of the plaintiff. He could not under such circumstances have recovered at common law, and, therefore, the counter-claim, if a good defense, could not have availed in this case.

The demurrer, however, was properly sustained. The railroad track is the private property of the company, and no one has the right to use it as a private passway or as a pasture for stock, yet, when stock stray upon it, even from the inclosed lands of the owner, there is no remedy for the trespass unless the road of the company is within a lawful inclosure. There has been no intentional wrong shown on the part of the plaintiff in this case. He did not place his mules on the track of the road that they might wreck the train or prevent its passage. The animals had escaped from his premises and were found on the

track of the road, and whether their leaving the premises of the owner was or not by reason of insecure fencing, is an immaterial inquiry. The right of recovery by the owner of land for the trespass upon it by the stock of others, is made to depend upon the question as to whether or not the owner of the land had it inclosed by a lawful fence. If he had a lawful fence, the right of recovery exists, and for every subsequent breach double damages may be recovered. (Gen. Stats., chap. 55, art. 1, sec. 2.)

By article 4 of the same chapter the right is modified to this extent: "If the owner of the stock have a lawful fence, and his stock break through it and trespass on the premises of another, not inclosed by a lawful fence, the owner is not liable for the first trespass, but is liable for the damages by reason of all subsequent trespasses."

This section or article was framed doubtless on the idea that in breaking the lawful fence of the owner of the stock the latter was then notified of the vicious propensities of the animals, and that they could not be kept in even a lawful inclosure; and a lawful fence affording no protection to the crops of your neighbors, you must keep your stock at home or be made liable for every trespass but the first.

Here the railroad company had no inclosure to prevent the trespass of animals upon it, and both the company and the appellee are claiming the possession and use of land around which there is no inclosure. Neither can maintain trespass by reason of the mere entry of stock upon such a possession. The right of recovery is denied by the statute, and the counter-

claim was not a defense to the action. Nor would the fact of the company having its road inclosed have prevented it from answering in damages for the injury to the stock, if caused by the negligence of the company.

The statute makes the killing of stock under such circumstances *prima facie* evidence of negligence, and the burden is on the company of showing that the killing was the result of an accident that could not have been avoided under the circumstances by the exercise of ordinary care and diligence. (General Statutes, chapter 57, section 4.)

The judgment below is affirmed.