## Cincinnati, New Orleans & Texas Pacific Railway Company v. Graves.

## Same v. Downing.

(Decided June 1, 1915.)

### Appeals from Fayette Circuit Court.

1. Railroads—Accidents to Stock on Track—Negligence.—Under Section 809 of the Kentucky Statutes the killing of stock by a railroad company is prima facie evidence of its negligence, but this presumption may be overcome by the uncontradicted and unimpeached evidence of employes of the company that there was no negligence.

2. Railroads—Accidents to Stock on Track—Negligence.—Negligence in this class of cases may be shown by circumstantial as well as by direct evidence, and the jury have a right to make their finding against the company on the circumstantial evidence, if it is sufficient, although it may contradict or be in conflict with the direct evidence of the employes.

3. Railroads—Accidents to Stock on Track—Failure to Sound Alarm Whistle.—It is the duty of persons in charge of an engine to keep a lookout for stock, and their further duty to sound the alarm or stock whistle when stock are discovered on the track, and the failure to sound this whistle when stock are discovered, or, by the exercise of ordinary care, could have been, is some evidence of negligence.

JOHN GALVIN, HUNT & HUNT and R. A. THORTON for appellant.

JAMES G. DENNY and GEO. C. WEBB for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming in each case.

In these suits to recover damages for the alleged negligence of the appellant company in killing stock owned by the appellees, the cases were tried together, and there was a verdict and judgment in each case for the appellee. The only ground upon which a reversal is asked is that the trial judge should have directed a verdict for the company because there was no evidence of its negligence.

The stock were killed about eleven o'clock at night by a passenger train running fifty miles an hour. The night was cloudy and a light rain was falling, and it appears from the evidence that no person knew anything

about the stock having been killed until they were discovered near the track the following morning.

The fireman testified that as the train passed the place where the stock were found the next morning he heard some kind of a grinding noise, but did not know at the time what the cause of it was, and upon hearing this noise he called the engineer's attention to it, but by that time the engine had passed far beyond the place at which the stock had been struck and killed.

No alarm, or stock whistle, was sounded, nor was the train stopped or its speed slackened, as neither the engineer nor the fireman knew the stock were on the track or that they had been struck by the engine. The company admitted the killing of the stock, and, under Section 809 of the Kentucky Statutes, this admission was *prima facie* evidence of its negligence, and, therefore, the burden was upon it to show that the stock were not killed by its negligence or carelessness. In Kentucky Central R. R. Co. v. Talbot, 78 Ky., 621, and other cases, it has been written that the testimony of employes of the company acquainted with the facts, that there was no negligence when it stands uncontradicted by direct or circumstantial evidence overcomes the *prima facie* case for the plaintiff made out by the statute, and he cannot recover. On the authority of this line of cases, the argument for the railroad company is, that as the evidence shows there was no negligence on the part of the engineer and fireman in charge of the engine, the jury should have been instructed to find a verdict for the company.

It is true that in their evidence the engineer and fireman showed themselves to be free from negligence, and their statements are not, and could not, be contradicted by direct evidence, as no person, not even these employes, knew that the stock were on the track or had been struck and killed until the following day. But negligence in this class of cases, as well as in others, may be shown by circumstantial as well as by direct evidence, and it does not follow that because the only witnesses who know anything about the transaction testify that they were not negligent, their evidence cannot be overcome by circumstances showing that they were negligent.

In making up their verdict, the jury have a right to consider all the facts and circumstances appearing from

the evidence that throw light on the transaction under investigation, and the right to make a finding on the circumstantial evidence if it is sufficient, although it may contradict or be in conflict with the direct evidence, and it is evident in this case that the jury reached the conclusion from the circumstances developed on the trial that the company was guilty of negligence, notwithstanding the evidence of the employes that it was not.

This circumstantial evidence, briefly stated, showed that if the engineer or fireman had been keeping a lookout they could have discovered the presence of the stock on or near the track in time either to have slackened the speed of the train or to have sounded the alarm whistle, and it is admitted they did neither. The stock were killed on a slight curve, and there is sharp conflict in the evidence as to whether the electric light with which the engine was equipped lighted the track a sufficient distance ahead of the engine to enable the engineer or fireman, if they had been keeping a lookout, to discover the presence of the stock on or near the track in time to have avoided injuring them or even to have slackened the speed of the train or sounded the alarm whistle. The testimony of the engineer and fireman is to the effect that on account of the condition of the weather and the curve they could not, and did not, discover the presence of the stock. But there is other evidence tending to show that, notwithstanding the curve and the condition of the weather, they could have discovered the stock in time to have slackened the speed of the train, or, at least, to have sounded the alarm whistle, if a lookout had been maintained.

It is not essential to show negligence in a case like this that the presence of the stock should have been discovered in time to have avoided injury to them by stopping the train or slacking its speed. It is the duty of persons in charge of an engine to keep a lookout for stock that may be trespassing on the track or right-of-way, and their further duty to sound the alarm whistle, or what is commonly known as the stock whistle, when stock are discovered on the track, or could have been discovered if the proper lookout duty had been maintained, and the failure to sound this alarm whistle when stock are discovered in peril, or, by the exercise of ordinary care in keeping the lookout duty, could have been discovered, is some evidence of negligence. The

purpose of sounding this alarm or stock whistle is to frighten the stock off the track so that they may escape danger. And when it appears, from the circumstances and facts shown by the evidence, that the persons in charge of an engine discovered, or, by the exercise of ordinary care, could have discovered, the presence of the stock on the track in time to have sounded the alarm whistle before striking them, and it is shown that it was not sounded, this is sufficient circumstantial evidence of negligence to take the case to the jury. Or, to put it in another way, when there is circumstantial evidence of this character, the *prima facie* case made out for the plaintiff by the statute is not overcome by the evidence of the trainmen that they were not guilty of negligence. C., N. O. & T. P. Ry. Co. v. Lowry, 122 S. W., 128; L. & N. R. R. Co. v. Moore, 27 Ky. L. R., 293; L. & N. R. R. Co. v. Montgomery, 17 Ky. L. R., 807; Illinois Central Railroad Co. v. Stanley, 29 Ky. L. R., 1054; C. & O. R. Co. v. Grigsby, 131 Ky., 363.

Upon the whole case, we think the jury had the right to infer, from the fact that the alarm whistle was not sounded, and from the evidence tending to show that the presence of the stock on the track could have been discovered, at least in time to have sounded this whistle before striking them, that the company was guilty of negligence in failing to keep the required lookout.

The judgment is affirmed.