## Hines, Director General of Railroads, et al. v. Kough.

(Decided December 7, 1920.)

### Appeal from Hickman Circuit Court.

1. Action—Misjoinder—Pleading.—It was not a misjoinder of causes of action for the plaintiff in seeking the recovery of damages for the killing of his stock by the train of the defendant railroad company, to allege in the petition that such killing was caused by the negligence of the defendant in failing to keep in repair a fence constructed by it for inclosing its right of way, and, also, by the negligence of its servants in operating the train. Civ. Code, sec. 113, subsection 2.

2. Railroads—Fences and Cattle Guards.—When a railroad company at its own expense constructs a fence separating its right of way from the land of an adjoining owner as provided by sections 1789, 1799, Ky. Stats., its rights and liabilities will be controlled by these sections. Therefore such fence must be a lawful fence, as defined in section 1780 of the statutes, and when so constructed, the railroad company must use reasonable care to maintain it as a lawful fence.

3. Railroads—Fences and Cattle Guards.—If after constructing such a fence the railroad company negligently fails to maintain it in a good and lawful condition, and by reason of such failure, stock of the adjoining landowner by getting through or over it and on the track is injured or killed by its train, the railroad company will be liable to the owner for the full amount of damages thereby sustained; unless the latter by the use of ordinary care could have prevented the stock from straying from his premises through the unlawful fence, or by such care could have saved it from injury or death after getting on the track, or consents to the defective manner in which the railroad company maintains the fence.

4. Appeal and Error—Submission to Jury.—The evidence in this case being found sufficient to authorize the submission of the case to the jury, and the verdict not being flagrantly against its weight, no reason is shown for disturbing it.

E. T. BULLOCK for appellants.

L. L. HINDMAN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellee, R. S. Kough, recovered in this action of the appellants, Mobile and Ohio Railroad Company, and Walker D. Hines, then Director General of Railroads in the United States, a verdict and judgment of $600.00, by way of damages, for the loss of two mules owned by him alleged to have been killed by a train of cars of the appellant, Mobile and Ohio Railroad Company, through its negligence and that of its servants. The appellants were refused a new trial by the circuit court, complaining of which and of the verdict and judgment, they have appealed.

It was substantially alleged in the petition, as originally filed, that the death of the mules was caused by the negligence of the appellant, Mobile and Ohio Railroad Company, and its servants in permitting a fence constructed and owned by it for enclosing its right of way, roadbed and railroad track where adjoined by the land of appellee, to become and remain so out of repair and

defective that the two mules of appellee easily escaped from his adjoining premises over and through it to and upon the right of way and railroad track where they were struck and killed by one of appellant's railroad trains. It was also alleged that the mules were both mare mules, one 4, the other 5 years of age; and that they were of the value of $300.00 each.

By an amended petition it was further alleged that the death of the mules was also caused by the negligence of the appellant's servants in operating its train, which, by reason of such negligence, ran over or struck and knocked one of them from the track, thereby so crippling it as to cause its death, and chased the other into a trestle from which it was made to fall, or was knocked by the train and killed.

To the petition, as thus amended, the appellants filed an answer of two paragraphs. The matter contained in the first paragraph does not fully traverse the averments of the petition as amended. It does deny that the mules were killed by the negligence of the railroad company or its servants, either in permitting the fence inclosing its right of way to become defective or in operating the train; and also denies that the mules, or either of them, were chased, struck or killed by the train. It, however, contains no denial of the allegations of the petition, that the fence inclosing its right of way was in a defective condition, insufficent to keep the mules from getting on the right of way, and that they did by reason thereof get through or over it and on the right of way and railroad track; nor does it deny that the fence had been erected and was owned and maintained by the railroad company for inclosing its right of way; nor that after the passing of its train appellee found one of the mules, badly crippled, beside the railroad track on the right of way, and the other beneath the trestle dead.

It was, in substance, alleged in the second paragraph of the answer that when the appellant railroad company erected the fence in question inclosing and separating its right of way from appellee's land, it also erected another on the other side of the railroad track inclosing and separating its right of way from appellee's land on that side, and at the same time placed gates in each fence for the use of appellee and others in crossing the railroad from his land on one side thereof to that on the other; that it was the duty of appellee and others using these gates to keep them closed, but that this duty they negli-

gently failed to perform at the time of the accident complained of, by reason of which negligence, the mules strayed through one of the open gates from appellee's land on the railroad right of way; and, that but for such negligence, they would not have been injured or killed. All affirmative matter of the answer was controverted of record.

The several grounds urged by appellants in support of the motion for a new trial in the court below are now relied on for a reversal of the judgment of that court. These grounds will be considered *seriatim*. The first is the appellants' claim that the petition contains a misjoinder of actions; one seeking the recovery of damages for the loss of the appellee's mules on the ground that their death was caused by the railroad company's negligence in failing to maintain in proper repair the fence inclosing its right of way, the other on the ground that their death was caused by the negligence of its servants in charge of the train, which alleged misjoinder, it is insisted, the court should have corrected by sustaining a motion made by them to require appellee to elect which of the two causes of action he would prosecute; but that instead of sustaining the motion, the court erroneously overruled it, to which ruling appellants excepted. No reason is apparent for sustaining this contention. As the two causes of action thus alleged were not inconsistent, both were properly relied on by appellee for the recovery of the damages sought. No other authority for this concluson is needed than that furnished by the Civil Code, section 113, subsection 2, which provides:

"A pleading may contain statements of as many causes of action legal or equitable and as many matters of estoppel and of avoidance, legal or equitable, total or partial, and make as many traverses and may present as many demurrers as there may be grounds for in behalf of the pleader."

If the appellant railroad company negligently failed as alleged in the petition to keep in repair and maintain, as required by law, a fence erected by it upon its own right of way for the purpose of inclosing such right of way, its railroad bed and track, and by reason of such failure and the defective condition of the fence and its insufficiency to keep out stock, appellee's mules got over or through it and upon the railroad company's right of way and railroad track and were killed by its train, appellee was entitled to recover of it, by way of damages,

the fair market value of the mules, although there may have been no negligence on the part of its train crew in operating the train. In Crawford v. Southern Ry. Co., 153 Ky. 812, we held that a fence constructed by a railroad company at its own expense on the line dividing its right of way from the land of an adjoining owner, will be presumed to have been constructed in compliance with the requirements of Kentucky Statutes, sections 1789-1799, providing for the erection of such fences by railroad companies; hence, its rights and liabilities must be regulated and controlled by these sections. Therefore, when a railroad company constructs a fence under the statute, *supra,* it must be a good and lawful fence as defined in section 1780 thereof; but when a lawful fence, as in that section defined, is constructed by a railroad company, it is only required to exercise reasonable care to maintain it in good and lawful condition.

In attempting to set forth with the greatest particularity possible the care required of the railroad company in constructing and maintaining such a fence and what would amount to a failure to exercise it, we in the opinion of that case said:

"If a railroad company fails to construct a good and lawful right of way fence, or after constructing such a fence, it fails to exercise reasonable care to maintain it in a good and lawful condition, and by reason of its failure in either or both of these respects, stock are injured or killed by its engines or cars, it will be liable to the owner in the full amount of the loss he has sustained, unless the owner could, by the exercise of ordinary care, have prevented the stock from straying through the insufficient fence, or have saved it from being killed or injured after getting on the right of way, or he consents that the company may leave openings or defective places in the fence, or agrees on the character of fence to be constructed."

As already remarked in the instant case the defective condition of the fence inclosing appellants' right of way at and in the vicinity of the place where appellee's mules were killed, is admitted by the answer and, in addition, was abundantly shown by the evidence introduced in appellee's behalf. Indeed, it is patent from the evidence that at places other than that at which appellants claim to have provided a gate for appellee's use in getting through their fence to cross the railroad track, the fence was so defective as to be wholly insufficient to turn or

keep stock off the railroad right of way. There was it is true some evidence furnished by one or more of appellants' servants and, also, a witness not in their employ, to the effect that at the time of erecting the fence they placed in it a gate for the use of appellee and others in getting to and across the railroad, but we do not find from this evidence that because of any negligence on his part it was not kept in repair; indeed, it is not clear from the evidence that there was a gate in the fence at the time appellee's mules were killed; and his testimony and that of others that neither such gate nor crossing had ever been used by him, because of another road he traveled in getting to his land beyond the railroad, does not appear to have been contradicted. Besides, it is apparent from the testimony of appellee and at least one other witness, who with him followed the tracks of the mules from the barn lot, that they did not get through or over the fence where there was or had been a gate, but at another and equally defective place therein.

The evidence referred to seems sufficient to show such negligence on the part of the railroad company in regard to the fence, as to bring the case within the rule announced in Crawford v. Southern Ry. Co., *supra*.

The evidence respecting the other ground of negligence alleged in the petition, is more conflicting, that of appellee tending to prove that the mules were killed through the negligent operation of the train by its crew, and that of appellants, the absence of such negligence. The train of appellants by which it is claimed the mules were killed, passed appellee's home early in the morning but while it was yet dark. Shortly thereafter one of the mules was found by appellee on appellants' right of way in a crippled condition, one of its hind legs broken and its body badly skinned, which necessitated the later killing of the animal. According to his testimony and that of his witnesses the bruises on its body and the broken leg were such injuries as could only have been caused by its collision with a train and the fact of such collision was shown by the hair and blood of the mule found on the railroad track, as well as its tracks thereon before the point of collision was reached. The dead body of the second mule was found about a half mile from the first mule on the ground at the north end of a trestle. According to appellee's witnesses its tracks on the railroad track showed it ran that distance before the train, and hair and marks on the trestle as well as bruises on

its body showed that it was overtaken on the trestle and knocked therefrom by the train. In addition, one witness, a boy, claimed to have seen the mule struck on the trestle and knocked from it by the train. On the other hand appellants' train engineer and fireman testified that the train did not strike either mule; that at the point of the accident they discovered a mule and horse on the track in front of the train and after running some distance ahead of the train the horse left the track and was not seen by them again, but that the mule continued on the railroad track until it reached the trestle and then attempted to cross the same, in doing which it got fastened between the ties, seeing which they stopped the train, went to the mule and attempted to extricate it; failing to do this they returned to the section house to get some tools for relieving the mule but before they could again reach him he fell from the trestle and was killed. They further testified that they once or twice stopped the train before the mule reached the trestle thinking that he would leave the track, but he failed to do so. The testimony of the engineer and fireman was in large measure corroborated by that of the conductor and a brakeman.

It will readily be seen that the evidence as a whole was most conflicting but we are not prepared to say that that of the appellee, supported as it was by the physical facts established by the condition of the body of each mule and the tracks, hair and blood found on the railroad, did not furnish such proof of the killing of the mules and negligence on the part of the railroad company and its servants as authorized the verdict returned by them. In other words it tended to show as a whole that instead of chasing the mules with the train those in charge of it, after seeing the mules on the track, might by the exercise of ordinary care have stopped the train long enough to enable them to reach a place of safety therefrom. Manifestly, the evidence required the submission of the case to the jury; and in so deciding, we necessarily dispose of appellants' second contention that the court erred in refusing to grant the instruction asked by it directing a verdict in its behalf.

Appellants' third complaint is that the trial court erred in permitting the appellee to introduce two witnesses in chief after appellants had introduced their evidence. This evidence should have been offered by appellee before concluding the evidence first introduced

by it, but as it is not made to affirmatively appear by the record that the introduction of these witnesses was an abuse of the court's discretion, or prejudicial to the rights of the appellants, we do not feel that it is such an error as would authorize a reversal of the case.

Under section 809, Kentucky Statutes, the killing of stock by a railroad train is regarded as *prima facie* evidence of negligence, but where the killing of the stock is denied by the railroad company the burden of proof is upon the plaintiff to prove the negligence, and this burden the appellee was properly allowed to assume. L. & N. R. Co. v. Brown, 13 Bush, 475; McGhee v. Gaines, 98 Ky. 182; Rogers v. Felton, 98 Ky. 148.

Appellants' complaint of the instructions that were given by the trial court is not well founded. While they are more voluminous than necessary we do not find that they fail as a whole to properly advise the jury of the whole law of the case, and appellants cannot complain of the failure of the court to give other instructions that were not offered by them.

On the whole record we find no cause for disturbing the verdict. The judgment is therefore affirmed.