## Utilities Appliance Company et al. v. Toon's Administrator.

(Decided January 12, 1932.)

824

FRANK M. DRAKE and JOHN K. SKAGGS for appellants.

BECKHAM OVERSTREET and O'NEAL & O'NEAL for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

According to the plaintiff's evidence, about six o'clock on the evening of November 27, 1929, while crossing the street in a residential section of Louisville, Mrs. Dora Bunch Toon was struck and killed by an automobile being negligently driven by the appellant, Willard Christy, and belonging to his coappellant and employer, Utilities Appliance Company. Her administrator recovered judgment for $3,300 against both defendants. The judgment must be reversed because of an error in the instruction relating to the speed of the car, concerning which there was a conflict in the evidence.

The instructions clearly enumerated the several other duties of the driver, but that part pertaining to his speed was as follows:

"To operate it at a rate of speed that was reasonable and proper, having regard for traffic conditions and use of the highway at that time and place and in no event to operate it at a rate of speed in excess of 20 miles per hour."

The jury were then instructed that if they believed from the evidence that the driver was negligent, in that he had failed to perform any one or more of the duties required of him by the instruction, and by reason thereof the accident had occurred, etc., they should find for the

plaintiff. The reciprocal duties of the deceased were outlined, and other instructions submitted the issues. The only complaint is made against the instruction quoted. We construe the instruction with respect to the speed of the car to be tantamount to advice that if the driver operated the car at a rate of speed in excess of 20 miles an hour he was negligent, and if that excess was believed to be the proximate cause of the accident, with resulting injury and death, a recovery of damages was authorized. The statute covering the duties of a driver of an automobile in that situation which was current at the time of this accident is section 2739g-51, of the 1930 Edition. In this respect it is the same as the act of 1930 repealing and re-enacting that statute, Chapter 79, Acts of 1930, section 2739g-51, 1931 Supplement to the Statutes. The material part of the law is here quoted:

"No operator of a vehicle upon a public highway shall drive at a greater speed than is reasonable or proper, having regard for the traffic and the use of the highway, provided that: . . . (2) Where a highway passes through the residence portion of any city or town . . . if the rate of speed of passing automobiles exceeds thereon twenty miles an hour it shall be prima facie evidence of unreasonable and improper driving."

This is a punitive statute (section 2739g-65), but, like its predecessors is also a rule of evidence creating a presumption of negligence based upon improper driving or an unreasonable speed if the rate exceeds that stipulated, and the effect of the statute is to cast upon the driver or his principal the duty of overcoming the presumption and of showing that the speed was reasonable under the condition and circumstances. Evidence as to speed of an automobile is to be considered with other evidence in the case in determining whether reasonable care was exercised by the driver. He may have been negligent, although not running as fast as the stipulated rate; on the other hand, he may not have been negligent, although running faster. It is a question of shifting of the burden of proof on this point to the defendant to show that running in excess of the speed limit was not negligence under the circumstances. Forgy v. Rutledge, 167 Ky. 182, 180 S. W. 90; Moore v. Hart, 171 Ky. 725, 188 S. W. 861; Kappa v. Brewer, 207 Ky. 61, 268 S. W. 831; Wight v. Rose, 209 Ky. 803, 273 S. W.

472; Hornek Bros. v. Strubel, 212 Ky. 631, 279 S. W. 1087; Fullenwider v. Brawner, 224 Ky. 274, 6 S. W. (2d) 264; Wilder v. Cadle, 227 Ky. 486, 13 S. W. (2d) 497; Knecht v. Buckshorn, 233 Ky. 329, 25 S. W. (2d) 727; Cundiff v. Nave, 240 Ky. 47, 39 S. W. (2d) 471; R. B. Tyler Co. v. Curd, 240 Ky. 253, 42 S. W. (2d) 298. The instruction given is not materially different from that held to have been properly refused in Wight v. Rose, supra. The case of Hornek Bros. v. Strubel, supra, does not sustain appellee's argument that the instruction given was proper, for, while it was substantially the same, in that case there was no evidence whatever tending .to overcome the presumption of negligence established by the statute. Nor is Lieberman v. McLaughlin, 233 Ky. 763, 26 S. W. (2d) 753, in point because of the facts.

With this automobile speed statute we have a similar in that part of section 809 providing that if a railroad locomotive shall injure or kill cattle on the track it "shall be prima facie evidence of negligence and carelesness on the part of the company, its agents and servants." This statute is of long standing, and in early days was frequently construed in the manner in which the automobile speed provision has been interpreted. Louisville & N. Railroad Co. v. Brown, 76 Ky. (13 Bush) 475; Kentucky Central Railroad v. Lebus, 77 Ky. (14 Bush) 518; Louisville & N. R. R. Co. v. Simmons, 85 Ky. 151, 3 S. W. 10, 8 Ky. Law Rep. 896; Maddox v. Newport News & M. V. Co., 37 S. W. 494, 18 Ky. Law Rep. 635; Illinois C. R. R. Co. v. Gholson, 66 S. W. 1018, 23 Ky. Law Rep. 2209; Hobson v. Noel, 97 S. W. 388, 30 Ky. Law Rep. 1; Troutwine v. L. & N., 105 S. W. 142, 32 Ky. Law Rep. 5; Chesapeake & O. Ry. v. Grigsby, 131 Ky. 363, 115 S. W. 237; Cincinnati, N. O. & T. P. Ry. v. Graves, 165 Ky. 148, 176 S. W. 974. A reading of these opinions will be found of interest in connection with the construction of and practice under the statute we now have in hand.

It is therefore patent that the trial court erred in advising the jury that running an automobile in excess of 20 miles an hour was per se negligence instead of prima facie negligence. Since it is the law that upon proof that an automobile.was driven at a rate of speed in excess of the statutory stipulation, the burden shifts, and it becomes incumbent upon the defendant to show that such speed was not unreasonable or improper driv-

ing, under the circumstances, that is, was not negligence, the jury must be instructed accordingly. But that must be done without offending the fundamental rule that the jury should not be told specifically upon whom the burden rests, or that a presumption of law is against one of the parties, although the instructions must be framed so as to indicate the burden. Hobson on Instructions, sec. 32. To do this aptly and clearly is difficult. The perfection in the mechanics of the automobile, the improvement of the highways, and the universal use of the machine, with the accompanying change in the popular attitude, are reflected in several progressive legislative enactments. So perhaps the framing of an instruction covering the point has been further complicated by a failure to consider that all of our opinions are not based upon the same statute and by an effort to reconcile the decisions. It may be helpful therefore not only in a retrial of this case, but others involving the same issue, to express a definite opinion concerning the form of the instruction.

As tending toward clarity, it seems to us the instruction relating to this law should be given as a separate one, and that the instruction enumerating generally the driver's duties should merely state that his duty was to operate the automobile at a reasonable and proper speed, having regard for the traffic and use of the road or street at the time and place, without specifically mentioning the speed limit. Following that, where there is no dispute as to the character of the territory, e. g., a residential district, and the condition at the place of accident, but there is an issue as to the speed of the car and whether it struck the pedestrian, as in this case, an instruction substantially in this form might be given:

"The court further instructs the jury that if you shall believe from the evidence that on the occasion mentioned the automobile of the defendant, Utilities Appliance Company, was being driven by its co-defendant and employee, Christy, faster than twenty miles per hour and that the speed of the car was the direct and proximate cause of its striking and fatally injuring the deceased, Mrs. Toon (if you shall believe from the evidence that it did strike her), you will find for the plaintiff, her administrator, unless you shall believe from the evidence that considering the traffic and use of the street at the time and place, the speed of the car, although exceed-

ing twenty miles per hour, was not unreasonable or improper driving; in which event you will be governed by the other instructions given you."

Consideration of other questions raised on the appeal is reserved.

Judgment reversed.