## Diamond Taxicab Co. v. McDaniel.
## Same v. Benedict.

(Decided March 19, 1935.)

WOODWARD, HAMILTON & HOBSON for appellant.

PARMALEE & SHAW and B. O. KEARNEY for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

On May 13, 1933, about 11 o'clock at night, appellees were crossing Broadway street in the city of Louisville and were struck and badly injured by a taxicab of the Diamond Taxicab Company, being driven by Robert Gathof.

Appellees filed their separate actions against the taxicab company and Gathof to recover for their injuries. The trial resulted in verdict and judgment in favor of appellee McDaniel, for $1,251.50, and for appellee Benedict, $1,150, and from those judgments this appeal is prosecuted.

The two cases were tried together before the same jury, and the appeals are prosecuted as one, and both cases will be disposed of by one opinion.

The only grounds of reversal urged by appellants are that instruction No. 1 was erroneous in two re-

spects: (1) in submitting to the jury other acts of negligence of appellant Gathof than that alleged in the petition; and (2) in limiting absolutely the speed of the taxicab to 20 miles an hour.

The allegations of negligence set out in the petition are that the defendant Robert Gathof was driving east on Broadway, "at a rapid rate of speed and with gross negligence and carelessness ran into and upon plaintiff and knocking her to the street," etc. It is insisted for appellants that the above language stated a specific act of negligence (rapid rate of speed), but not general negligence, and that the instruction given by the court should have been confined to the rate of speed.

The general rule is that, where negligence is alleged in general terms, any specific act of negligence may be proven and relied upon for recovery; but, where the acts which constitute the negligence relied upon are specifically set out in the petition, the party will be restricted in its proof and by the instructions to the specific act. This rule is conceded by appellees.

The question for determination is whether the allegation of negligence set out in the petition in the language above indicated constitute general negligence or specific acts of negligence. The petition alleges that Gathof was driving "at a rapid rate of speed," and this allegation is immediately followed by the further allegation, "and with gross negligence and carelessness ran into plaintiff," etc. The rate of speed was not specified nor alleged to be unlawful, nor to have been greater than was reasonable and proper, considering the condition of the highway and traffic, etc. The statute (Ky. Stat. Supp. 1933, sec. 2739g-51) does not fix any rate of speed as conclusive of negligence, but certain rates of speed may be considered prima facie evidence of negligence, depending upon the traffic, condition of the roads, etc.

In Hart v. Roth, 186 Ky. 535, 217 S. W. 893, 895, Roth charged in her petition that Hart negligently drove her automobile around from the rear of a standing street car where passengers were getting on and off of it and negligently failed to stop her automobile while the street car was receiving and discharging passengers at the intersection, and negligently drove the automobile around from the rear of the street car and

between it and the curbing upon the left side of the street car and upon the wrong side of the street and over the crossing, "and at a rapid rate of speed and without giving any warning of its approach." It was contended that the negligence complained of consisted alone in driving the automobile at a rapid rate of speed and failing to give any warning of its approach, and not upon the negligence arising from the failure of the chauffeur to stop the automobile while the street car was standing, receiving and discharging passengers at the intersection. In disposing of that question this court said:

> "We do not, however, construe the averments in the petition with reference to the negligence of the appellant as specifying the rapid movement of the automobile and a failure to give a warning of its approach as being the specific acts of negligence relied upon, but the averment is a charge in general terms of a negligent operation of the automobile and includes all elements of negligence with reference to its operation."

The language, "that Gathof was driving at a rapid rate of speed," may be considered as an element of negligence, but, that allegation being followed by an allegation of negligence and carelessness, all of the allegations should be construed together, which, in our view, constituted general negligence, under which appellees could prove any act of negligence.

■ By instruction No. 1 the court enumerated and set out all the duties of Gathof, the operator of the automobile, as set out in the statute (section 2739g-51, subd. 2), and told the jury that "and in no event to operate said automobile at a rate of speed in excess of 20 miles an hour." But following the various duties imposed upon appellant Gathof by the instruction, it further says:

> "And if you believe from the evidence that he failed to perform any one or more of the duties required of him by this instruction, and by reason of such failure, if any there was upon his part, the said automobile was caused to strike the plaintiffs, * * * then the law is for the plaintiffs and you will so find, but unless you so believe from the evidence, then the law is for the defendants, and you will so find."

It is insisted for the appellees that this instruction was proper, and to support this insistence they rely upon the cases of Hornek Bros. v. Strubel, 212 Ky. 631, 279 S. W. 1087; Kappa v. Brewer, 207 Ky. 61, 268 S. W. 831; and other similar cases, wherein it was held that once the plaintiffs' evidence tended to prove a rate of speed in excess of the statutory limitation, the burden then shifted to the defendant to prove that such rate of speed was not negligence under the circumstances; and if he fail to sustain this burden, the instruction was not improper.

One witness testified that appellant's taxicab was running 45 or 50 miles per hour; but Gathof testified that it was running between 18 or 20 miles per hour. The undisputed evidence shows that the taxicab was stopped within the intersection and that, although the street was wet, the cab did not move more than 3 or 4 feet after it struck appellees. This court has recognized that if an automobile was stopped in 3 or 4 feet, it could not have been going at a very high rate of speed. Wener v. Pope, 209 Ky. 553, 273 S. W. 92.

Our conclusion is the court erred in instructing the jury that "in no event to operate said automobile at a rate of speed in excess of 20 miles an hour." Such form of instruction was in substance telling the jury that a speed in excess of 20 miles per hour was per se negligence or conclusively negligent, instead of prima facie evidence of negligence. The statute, section 2739g-51, clearly fixes such rate of speed in excess of 20 miles per hour, prima facie evidence of negligence.

The form of instruction given in the case at bar on the question of rate of speed was held erroneous in the case of Utilities Appliance Co. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478, 479, wherein the Kappa Case and the Hornek Bros. Case, supra, were referred to in an attempt to distinguish those cases.

Conceding, without deciding, that there is a conflict, or at least an apparent conflict, between the Utilities Appliance Co. Case and the Hornek Bros. and Kappa Cases, we conclude that the rule enunciated in the Utilities Appliance Co. Case is in harmony with the statute and is controlling in this and similar cases. In the Utilities Appliance Co. Case, we said:

482

"Since it is the law that, upon proof that an automobile was driven at a rate of speed in excess of the statutory stipulation, the burden shifts, and it becomes incumbent upon the defendant to show that such speed was not unreasonable or improper driving, under the circumstances, that is, was not negligence, the jury must be instructed accordingly. But that must be done without offending the fundamental rule that the jury should not be told specifically upon whom the burden rests, or that a presumption of law is against one of the parties, although the instructions must be framed as to indicate the burden."

In the Utilities Appliance Co. Case will be found a pattern for an instruction on the question of rate of speed directed to be given in that case, and we think such instruction is applicable to the present case.

On another trial of the case, if one is had, the court will give an instruction on the rate of speed as indicated in the Utilities Appliance Co. Case, supra, which we think is the law of this and similar cases.

The judgments are reversed for proceedings consistent herewith.

Whole court sitting.