## Lang v. Cooper (two cases).

(Decided Jan. 31, 1936.)

ORIE S. WARE for appellant.

JOHN E. SHEPARD for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Fifteenth street in the city of Covington, Ky., runs

east and west, and Russell avenue in the same city, running north and south, crosses it at right angles. On June 3, 1933, (Sunday), the appellees and plaintiffs below in these two consolidated cases, Mary Cooper and her daughter Olive Cooper, were crossing as pedestrians the intersection on the south side thereof at about 11 o'clock a. m. on their way to church—the church building being about the middle of the next block on the same side of Fifteenth street. After they had passed the center of that (15th) street and between it and the east curbing thereof, an automobile belonging to the defendant and appellant, H. T. Lang, and operated in his partnership business of Crescent Cab Company by a servant in his employ, collided with plaintiffs and inflicted upon each of them painful and severe injuries.

They afterward filed these two separate actions in the Kenton circuit court against defendant to recover damages therefor, and upon trial there was a verdict and judgment in favor of the mother for $3,659.60, and in favor of the daughter for $2,303.38. Defendant's motion for a new trial in each case was overruled and he prosecutes these appeals which are heard together and will be disposed of accordingly in one opinion. But two grounds are argued in this court by learned counsel for defendant as constituting errors and grounds authorizing a reversal of the judgments, and each of them emanates from alleged fatal defects in instructions No. 1 given by the court to the jury. They are: (1) That the court submitted in that instruction a number of acts of negligence on the part of defendant's servant operating his automobile, when some of them so submitted were not relied upon or in any manner alleged in the petition, which, according to defendant's counsel, specified the acts of negligence for which recovery was sought, and the instruction, therefore, did not confine defendant's liability as based upon such specified acts of negligence, and (2) that the instruction as given peremptorily required the jury to find defendant guilty of negligence and to return verdicts against him if at the time of the collision the speed of the automobile that inflicted the injury exceeded the limits specified in section 2739g-51 of the 1930 Edition of Carroll's Kentucky Statutes, when that statute makes such excess speed, as so specified therein, only "prima facie evidence of unreasonable and

improper driving." We will confine our opinion to a discussion and determination of those two alleged errors in the order in which they are named.

■ In order to present in the clearest understandable form each of those alleged errors, we have concluded to insert instruction No. 1 in its entirety, and which is in this language: "It was the duty of the defendant, his agent and servant at the time and place of the injuries to the plaintiffs mentioned and described in the evidence, to operate the automobile mentioned and described in the evidence in a careful manner, with due regard for the safety and convenience of pedestrians and all other vehicles and traffic upon the street; to drive or operate said automobile upon the right side of the street whenever possible, unless the left side of the street was clear of all other traffic or obstructions and presented a clear vision for a distance of at least 150 feet; to keep a lookout ahead and to exercise ordinary care to avoid striking or colliding with other persons or vehicles then and there upon the street; to have said automobile equipped with a horn, bell or other sound device capable of making a sound sufficiently loud to be heard under all ordinary conditions of traffic, and to sound said horn or device whenever necessary as a warning of the approach of such vehicle to pedestrians, or other vehicles, but not to sound said horn or other device unnecessarily; and if the city or town at the place of the collision or injury were a closely built up business section not to drive or operate said automobile at a rate of speed greater than fifteen miles an hour, or if the town or city at said place were a residence section to drive at a rate of speed not greater than twenty miles an hour. If the jury shall believe from the evidence in this case that at the time and place of the collision or injury to plaintiffs, mentioned and described in the evidence, the defendant, his agent or servant in charge of and operating said automobile, failed to perform or observe any one or more of the duties aforesaid and that by reason of said failure, if any there was, the plaintiffs or either of them was struck by said automobile and injured, the law is for said plaintiffs or plaintiff against the defendant and the jury will so find, and unless you so believe, or if you believe as set out in instruction '2', you will find for the defendant, against the plaintiffs or plaintiff."

In order to test the merits of error on ground (1), it is necessary to call attention to the averments of the petition, as constituting negligence on defendant's part, for the results of which he is sought to be made liable. Those averments are: That defendant's servant operated his automobile, or taxicab, at the time and place "with gross and wanton negligence, at a reckless and excessively high rate of speed southwardly and upon the east or wrong side of Russell Avenue against, upon and over this plaintiff, seriously and permanently injuring her," etc. The same allegation is found in both petitions, and if it is a specification of the acts of negligence relied on, instead of a general charge of negligent operation, then under numerous opinions of this court plaintiff was confined in the introduction of her proof, as well as the submission of her cause of action to the jury, to such specified acts of negligence, since our opinions so declaring (some of which are catalogued below) have permanently fixed the rule of practice as so stated. The same opinions, however, also held and declare that under a general charge of negligence plaintiff may prove and have submitted to the jury, if there is any evidence in support thereof, any act of negligence that contributed to the loss sustained by him. Among the cases so holding are Louisville & N. R. Co. v. Horton, 187 Ky. 617, 219 S. W. 1084; American Savings Life Insurance Co. v. Riplinger, 249 Ky. 8, 60 S. W. (2d) 115, 119; Stacy v. Williams, 253 Ky. 353, 69 S. W. (2d) 697, and a great many others cited in those opinions.

The same cases also announce the rule to be that a specification of the acts of negligence in the pleading following a charge of general negligence has the effect to restrict the pleader to the specified acts of negligence, and to render the pleading one of specified acts of negligence within the rule stated. Thus it is said in the Riplinger opinion: "Negligence may be alleged generally. [Citing cases.] Under such an allegation of negligence the plaintiff may prove any act of negligence of the defendant [citing cases] but, where he alleges special acts of negligence [citing cases] or where the petition contains a charge of general negligence, coupled with the specific acts of negligence, he is confined to the specific acts [citing cases]. And, where a general allegation of negligence is fol-

lowed by an explanatory charge of specific acts, the plaintiff is likewise confined to the specific acts. [Citing cases.]"

The opinion in that case then refers to the case of Barksdale's Adm'r v. Southern R. Co., 199 Ky. 592, 251 S. W. 656, and states that in it the petition contained allegations of general negligence which was amended by a later filed amended petition charging specific acts of negligence, and it was held that the amended petition so specifying the acts of negligence "operated to exclude the right of the plaintiff to recover on the ground of general negligence." To the same effect with the same substantiation by reference to prior cases is the opinion in the Stacy Case, supra, and which establishes the fact that the inserted excerpt, supra, from the petitions in these cases will have to be treated as a charge of specified acts of negligence. They were, that defendant by and through its servant operating its taxicab at the time was negligent by (a) moving at a reckless and excessive rate of speed, and (b) by traveling on the wrong side of the street (to his left) upon which and on which side the collision occurred.

Turning now to the fitting of the instruction to the specified acts of negligence to which plaintiffs in each of these cases was confined, we see that the court in the copied instruction submitted a number of acts of negligence (comprehending practically all of the observances that a driver of an automobile is required to make and take) other than those specifically charged, and which is clearly erroneous as is demonstratable from the cases to which we have referred and many others that might be cited. The conclusion, therefore, is inescapable that ground (1) is well founded and available to the defendant on this appeal.

■ We have hereinbefore seen that section 2739g-51 renders the speed limits therein specified only "prima facie evidence of unreasonable and improper driving," while the inserted instruction No. 1 made defendant absolutely liable if such limited rates of speed were exceeded. Such an instruction, as well as such prima facie effect only of the excess speed limits, was condemned by us in the recent cases of Wight v. Rose, 209 Ky. 803, 273 S. W. 472; Utilities Appliance Co. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478; Dia-

mond Taxicab Co. v. McDaniel, 258 Ky. 478, 80 S. W. (2d) 562; Hunt v. Whitlock's Adm'r, 259 Ky. 286, 82 S. W. (2d) 364, and many other prior ones cited in those opinions. So that, in the respects indicated, under our designations of (a) and (b), supra, the complained of instruction was faulty in that it violated the rules of practice as so declared and enunciated in the cases to which we have referred.

Besides an attempt to controvert the legal effect of the pleading and instruction, which is advanced by counsel for defendant and which we have approved, learned counsel for plaintiffs also urge that even though either or both of those errors are found to exist, then we should not consider them as sufficiently prejudicial to authorize a reversal of the judgments, since, as they claim, defendant's servant was so glaringly negligent, according to the proof, that neither of the errors complained of, nor both of them combined, would call for a reversal of the judgments. We are not blind to the fact that it has been so declared by us in a number of cases where it was clearly apparent that the complained of error could not have influenced the jury in rendering its verdict; but we are not prepared to say that the ones here relied on and found to exist should be so disregarded. The jury may have found that defendant's servant was guilty of some of the enunciated violations not embraced by plaintiffs' specified acts of negligence and to have possibly based its verdict on such a finding. Likewise, it may have concluded that the clearly proven excess speed at which he was traveling at the time itself and alone authorized, under the instruction, a verdict finding defendant guilty of negligent operation of the taxicab by and through his servant, and possibly have based its verdicts on such conclusion. Those possibilities and surmises are clearly deducible from the submission of the cases as contained in the attacked instruction, and we conclude that we are not authorized to hold that such errors were nonprejudicial.

We are, therefore, constrained to reverse the judgments because of them, and it is so ordered, with directions to sustain the motions for a new trial in each case, and to set the judgments aside for proceedings not inconsistent with this opinion.