## Electric Bakeries v. Stacy's Adm'r.

(Decided May 22, 1936.)

CRAFT & STANFILL, and HUFFAKER, HOGAN & BERRY for appellant.

JESSE MORGAN for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is the second appeal of this case. Electric Bakeries v. Stacy's Adm'r, 252 Ky. 20, 66 S. W. (2d) 70. The facts are substantially the same as stated in the previous opinion. Appellee's decedent was killed while riding in a truck of appellant as the guest of the driver. The truck ran off the road. On the former appeal it was held that the circuit court erred in failing to give a peremptory instruction to the jury to find for the defendant at the close of all of the testimony. On a retrial of the action the plaintiff introduced some additional testimony, and the defendant elected to stand on its motion for a peremptory instruction at the close of plaintiff's evidence, and introduced no proof whatever. The case was again submitted to a jury, and a verdict for $5,000 was returned against the defendant. It is

again insisted here that the appellant was entitled to a directed verdict and, if not entitled to a directed verdict, that the court erred in the instructions given and in refusing certain instructions offered by the appellant.

The principal question considered on the first appeal, and the principal point argued here, is that the master is not shown to have consented to the violation of its previous positive instruction to Burke, the driver of the truck, to the effect that he should not permit other persons to ride on his truck. The evidence adduced at the second trial does little more than show a possibility that the master may have had notice of Burke's violation of his instructions and failed to object thereto. In view of the fact, however, that the case must be reversed for another reason, we will not prolong this opinion with the consideration of evidence which may be different on another trial. On the previous appeal of this case, the opinion pointed out that if Burke was driving too fast and the speed, in view of the road at the place and of the traffic thereon at the time, was improper and was the proximate cause of the wreck, then Burke would be liable thereon, and we called attention to the instruction on speed prepared in the case of Utilities Appliance Co. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478. Of course, the same instruction on this point would apply to the master, for its liability is bottomed on Burke's negligence in this particular. Instead of following the instruction approved in Utilities Appliance Co. v. Toon's Adm'r, supra, the court instructed the jury that it was the duty of the driver "to drive the said truck at a speed not greater than 20 miles per hour." The court then instructed that a failure to perform this duty, if this was the proximate cause of the accident, required a finding for the plaintiff.

Obviously, the effect of this instruction under the evidence was to place an absolute liability on the defendant, if the jury considered the speed of the truck to be the proximate cause of the accident, even though the speed of 40 or 45 miles an hour was not, under the circumstances, unreasonable or improper driving. As pointed out in Utilities Appliance Co. v. Toon's Adm'r, supra, section 2739g-51 (1933 Supplement, Ky. Stats.)

does not say that driving at a speed greater than those fixed in the statute shall ipso facto be negligence, but simply prima facie evidence of unreasonable and improper driving. The instruction as given was clearly prejudicial to the defendant, and we have no choice but again to reverse the judgment.

Other questions are argued, but since they may be differently presented upon another trial, we refrain from considering them, and they are reserved.

Judgment reversed.